**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

RICKY S. JOHNSON,

        Plaintiff,

v.                                                                  No.  05-2093-JWL-DJW

KRAFT FOODS
NORTH AMERICA, INC. et al.,

        Defendants.

**PROTECTIVE ORDER**

Pending before the Court are Plaintiff's Motion for Protective Order (doc. 26) and Defendants' Motion for Protective Order (doc. 25). Upon review of the proposed protective orders submitted by the parties, the Court hereby grants both Plaintiff's and Defendants' Motions as specifically set forth herein.

As a preliminary matter, Plaintiff alleges race discrimination and retaliation by Defendants and maintains he is entitled to injunctive relief and monetary damages as a result of Defendants' alleged misconduct. During the course of this litigation, the parties have requested, and are expected to request, proprietary and confidential documents and information specifically consisting of

- Non-public confidential information and documents regarding Defendants' operations and financial condition;

- Defendants' personnel records, including the personnel files of Defendants' employees who are not, and are not expected to be, parties to this action; and

- Personal and financial information regarding Plaintiff.

Accordingly, and for good cause shown, the Court hereby enters the following Protective Order, the terms and conditions of which shall govern documents and information deemed confidential by the parties and specifically identified below.

**1.     Designations of "CONFIDENTIAL" materials.**  The parties shall have the right to designate as "CONFIDENTIAL" any document or information they believe, in good faith, consists of

- Non-public information and documents regarding Defendants' operations and financial condition;

- Defendants' personnel records, including the personnel files of Defendants' employees who are not, and are not expected to be, parties to this action; and

- Plaintiff's personal and financial information.

**2.     Restriction on Disclosure of Designated Materials.**  No information or things designated "CONFIDENTIAL" shall be disclosed by to any person or entity except as set forth in this Order.  No person shall use any material designated "CONFIDENTIAL" for any purpose other than in connection with the preparation and trial of this action.  No copies of designated materials shall be made, except by or on behalf of counsel of record for the parties to this Order or their experts and/or consultants.

**3.     Marking of Designated Materials.**  Documents that a party reasonably believes are confidential and subject to this Protective Order shall be marked by placing the legend "CONFIDENTIAL" on each page of the document.  All documents so designated shall be marked prior to the provision of a physical copy thereof to the receiving party.  If such documents already have been produced to the other party, the party producing the documents shall notify the other party immediately that such documents shall be marked and deemed "CONFIDENTIAL" under the terms of this Order.

To the extent not inconsistent with any other paragraph, this paragraph shall govern information that has been produced and inadvertently not initially designated "CONFIDENTIAL."  The initial failure to

designate information in accordance with this Protective Order shall not preclude the producing party, at a later date, from designating any information "CONFIDENTIAL." The producing party may, by written notice to counsel of record for the receiving party, designate previously produced information as "CONFIDENTIAL" which it had inadvertently failed to designate as "CONFIDENTIAL." Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL," shall restrict the disclosure or use of such information only to those persons qualified pursuant to this Order, and if such information has previously been disclosed to persons not qualified pursuant to this Order, take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

    **4. Access to "CONFIDENTIAL" materials.** Information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated by in any way to any person or entity with the exception of:

    a.    Any party to this action;

    b.    Counsel working on this action on behalf of any party to this action, as well as all assistants and stenographic and clerical employees working under the direct supervision of counsel, copying service providers and other independent contractors retained for the purpose of this litigation;

    c.    Any person not employed by a party who is expressly retained by a party, or any

        attorney described in paragraph 4(b), to assist in litigation of this action, with disclosure of "CONFIDENTIAL" materials only to the extent necessary to perform such work;

    d.    Court reporters;

    e.    The Court;

    f.    Deponents; and

    g.    Potential, anticipated or actual fact witnesses and their counsel.

**5.     Undertaking of Persons Receiving Designated Materials.**  In no event shall any material designated "CONFIDENTIAL" be disclosed to any person identified in paragraphs 4(c), 4(f) and 4(g) until that person has executed a written declaration in the form attached hereto as Exhibit A acknowledging he or she has read a copy of this Order and agrees to be bound thereby.  In the event of depositions of third party witnesses, at which "CONFIDENTIAL" information is to be shown or revealed to the deponent, the party seeking to use such information shall request that said deponent execute a written declaration in the form attached hereto as Exhibit A.  Unless such a declaration is obtained, "CONFIDENTIAL" information shall not be disclosed to the deponent.  Counsel of record shall be responsible for maintaining a file of all such declarations.  The signed declarations shall be available for inspection by this Court upon good cause shown by opposing counsel.

**6.     Challenging Designations of Confidentiality.**  Any party may request in writing to the party or non-party that produced documents, information or material designated as "CONFIDENTIAL" that the designation be modified or withdrawn. If any party disputes the confidentiality of a document or information marked as "CONFIDENTIAL" (hereinafter, "the disputing party"), the disputing party shall

state that objection and include a basis for the objection, by letter to the designating party. The parties agree to confer by telephone or in person to resolve any dispute respecting the terms or operations of this Order. If the parties are unable to resolve such dispute, the producing party must move before the Court to do so within twenty-one (21) days of the failure to resolve such dispute. Upon any such application to the Court, the burden shall be on the producing party or non-party to show why its designation is proper. Until the Court rules on such a dispute, the documents or information in question shall continue to be treated as "CONFIDENTIAL" information, as designated.

   **7.   Limitations Upon the Scope of Order.**  Nothing contained in this Order shall affect the right of the designating party to disclose, or use for any purpose, the documents or information produced by it as "CONFIDENTIAL" or to use or disclose any information or thing that has not been obtained through, or derived as a result of, this litigation.

   **8.   Breach of This Order.**  Parties may seek appropriate remedies for breach of the provisions of this Order.

   **9.   Duration of Order.**  The confidentiality obligations imposed by this Order shall remain in effect unless otherwise expressly ordered by the Court.

   IT IS SO ORDERED.

   Dated in Kansas City, Kansas on this 22nd day of November, 2005.

                                        s/ David J. Waxse
                                        David J. Waxse
                                        United States Magistrate Judge

cc:   All counsel and *pro se* parties

**"EXHIBIT A"**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

RICKY S. JOHNSON,

      Plaintiff,

v.                      No.  05-2093-JWL-DJW

KRAFT FOODS
NORTH AMERICA, INC. et al.,

      Defendants.

**DECLARATION REGARDING PROTECTIVE ORDER
AGAINST UNAUTHORIZED USE OR DISCLOSURE
OF CONFIDENTIAL INFORMATION**

I _____ declare as follows:

My address is _____;

My present employer is _____;

My present occupation or job description is _____.

I hereby acknowledge that I have received, or may receive, information designated as "CONFIDENTIAL" under a Protective Order of the Court in the above lawsuit, and I acknowledge such information is provided to me pursuant to the terms and restrictions of such Protective Order.

I further state that I have (i) been given a copy of, and have read, the Protective Order; (ii) I am familiar with the terms of the Protective Order; (iii) I agree to comply with, and to be bound by, each of the terms thereof; and (iv) I agree to hold in confidence any information disclosed to me pursuant to the terms of the Protective Order.

To assure compliance with the Protective Order, I hereby submit myself to the jurisdiction of the United States District Court for the District of Kansas for the limited purpose of any proceedings relating to performance under, compliance with, or violation of this Protective Order.   I understand I am to (i) retain all of the materials I receive which have been designated as "CONFIDENTIAL" in a container, cabinet, drawer, room, or other safe place in a manner consistent with this Protective Order; (ii) make no copies or other reproductions of any such materials except in connection with my assistance to counsel in this case; (iii) all such materials are to remain in my custody until I have completed my assigned duties, whereupon they are to be returned to the party who provided them to me; and (iv) any materials, memoranda, work notes, or other documents derived from documents designated as "CONFIDENTIAL," or any information contained therein, are to be delivered to the party who provided the designated materials to me.  Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.  I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Name: _____


Date: _____