IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICKY S. JOHNSON,

       Plaintiff,

                                                   No. 05-2093-JWL-DJW

v.

KRAFT FOODS NORTH AMERICA, INC., et al.,

       Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to Amend Complaint (doc. 48). For the reasons set forth below, Plaintiff's Motion is granted.

On March 9, 2005, Plaintiff Ricky Johnson filed suit against Defendants charging racial discrimination and retaliation in violation of federal and state statutes. In his Complaint, Plaintiff alleges Defendants engaged in a pattern or policy of discrimination by denying African-American employees the same training opportunities, promotions, and pay raises routinely given to Caucasian employees.

On January 13, 2006, Plaintiff filed a timely Motion for Leave to Amend Complaint seeking (1) to add as additional plaintiffs Reginald T. Adams, Terrence L. Bradshaw and Barbara Raines; and (2) to clarify certain factual allegations made in his Complaint. Although Defendants do not oppose the request to clarify, Defendants do oppose the request to join party plaintiffs. With that said, Defendants do not oppose consolidation of the four claims for the limited purpose of discovery as long as a decision on joinder of those claims for trial is stayed pending the outcome of full discovery.

"Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires.' Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[1] Notably, the United States Supreme Court has held that courts must heed the "mandate" of Rule 15(a) in granting leave to amend.[2] This policy of liberal amendments, however, is not without its limits. It is implicit in Rule 15 that a plaintiff may amend his complaint only to add matters that would have been proper to include in the original complaint.[3] Thus, when a court is faced with a motion to amend that seeks to join additional plaintiffs, the court must consider not only the liberal amendment provisions of Rule 15(a), but also the following joinder provisions of Rule 20(a): "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."[4]

The drafters devised Rule 20(a) "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."[5] The court construes Rule 20(a) broadly because "joinder

---

[1] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (quoting Fed. R. Civ. P. 15(a)).

[2] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[3] *Murray v. Sevier*, 145 F.R.D. 563, 568 (D. Kan. 1993) (citation omitted).

[4] Fed. R. Civ. P. 20(a).

[5] *Sprint Communications Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 616 (D. Kan. 2006) (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652 (3d ed. 2001)).

of claims, parties, and remedies is strongly encouraged."[6]

In scrutinizing the text of Rule 20, permissive joinder is proper when two requirements are met. First, as the text states, the claims must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences."[7] Courts consistently have held that "'[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."[8] This interpretation is bolstered by the observation that "language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court."[9] The second requirement of Rule 20 is a common question of law or fact.[10] Some, not all, questions of law or fact must be common.[11]

Applying the facts of this case to Rule 20's two-part standard, at least at this pretrial juncture, the Court finds that it is proper to permit Plaintiff to amend his Complaint to add as additional plaintiffs Reginald

---

[6]*Id.* (citing *Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D. Kan. 2001) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966))).

[7]Fed. R. Civ. P. 20(a).

[8] *Theglobe.com*, 233 F.R.D. at 617 (citing *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir.1974))).

[9]*Id.* (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1653).

[10]Fed. R. Civ. P. 20(a).

[11]*Theglobe.com*, 233 F.R.D. at 617 (citing *Mosley*, 497 F.2d at 1334).

3

T. Adams, Terrence L. Bradshaw and Barbara Raines.

As a preliminary matter, this Court previously has recognized that "the majority of courts have found that allegations of a pattern and practice of discrimination are sufficient to satisfy both the same transaction and common question requirements of Rule 20(a)."[12]  Although Defendants argue that "simply pleading a pattern and practice claim does not suffice" to meet the requirements of Rule 20(a), the cases cited by Defendants in support of this argument are factually distinct from the immediate controversy.  In *Perkins v. Rent-A-Center, Inc.*, the court determined the plaintiffs were not properly joined because the plaintiffs' dates of employment and positions were divergent, and the alleged discrimination took place in three separate states.[13]  In *Pyles v. Boeing, Co.*, joinder was not allowed because the plaintiff failed to support his allegation of a company-wide policy of discrimination with any factual support linking the proposed plaintiff's complaint with his own.[14]  Finally, in *Sheets v. CTS Wireless Components, Inc.*, the plaintiffs' individual claims were factually distinct, and the plaintiffs alleged no company-wide policy or pattern of discrimination.[15]

In this case, however, both Plaintiff and the proposed plaintiffs are alleging Defendants engaged in a pattern or practice of discrimination that denies African-American employees career advancements and sales opportunities.  Plaintiff and the proposed plaintiffs were – or are – employed in Defendants' Kansas

---

[12]*Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D. Kan. 2001).

[13]*Perkins v. Rent-A-Center, Inc.*, 04-2019-GTV, 2004 WL 2182190, at *2 (D. Kan. Sept. 21, 2004).

[14]*Pyles v. Boeing Co.*, No. 00-2394-KHV, 2002 WL 31414131, at *1 (D. Kan. Oct. 22, 2002).

[15]*Sheets v. CTS Wireless Components, Inc.*, 213 F. Supp. 2d 1279, 1286-87 (D.N.M. 2002).

City Regional Office in the Kraft Customer Development Organization, and all were – or are – under the authority of the same Regional Vice-President. The dates of employment overlap and the allegations of discrimination follow a similar pattern. Although only Plaintiff was allegedly fired for his charges of discrimination, both Plaintiff and the proposed plaintiffs claim that they were denied promotions, pay raises, or training opportunities in favor of Caucasian co-workers. Simply put, the factual allegations indicate that the claims do in fact arise out of the same transactions or occurrences and share common questions of law or fact.

Based on this analysis, the Court finds joinder of the proposed plaintiffs under Rule 20(a) is appropriate; thus, Plaintiff's Motion to Amend Complaint (doc. 48) is granted. Plaintiff shall electronically file and serve the First Amended Complaint no later than **April 10, 2006.**

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 3rd day of April, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc: All counsel