**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RICKY S. JOHNSON,

        Plaintiff,

v.                                  No. 05-2093-JWL-DJW

KRAFT FOODS NORTH AMERICA, INC. et al.,

        Defendants.

**AMENDED PROTECTIVE ORDER**

Pending before the Court is the Parties' Joint Motion (doc. 84) for Entry of Stipulated, Amended Protective Order. Upon review of the proposed Amended Protective Order submitted by the parties, the Court hereby **grants** the Joint Motion and hereby orders as follows:

In this lawsuit, Plaintiffs allege (i) a pattern and practice of race discrimination by Defendants, (ii) that they were damaged as a result of such purported race discrimination, and (iii) they are entitled to injunctive relief and monetary damages as a result of Defendants' alleged misconduct. During the course of discovery, Plaintiffs have requested documents and information, and are expected to request additional documents and information, regarding Defendants' operations and financial condition that are both proprietary and considered to be trade secrets. Moreover, Plaintiffs have requested documents and information, and are expected to request additional documents and information, regarding personnel files and records regarding Defendants' employees who are not, and are not expected to be, parties to this action. Defendants consider their proprietary information, trade secrets, and employment records to be confidential. The terms and conditions of this Amended Protective Order shall be applicable to, and govern, documents and information specifically identified below.

For good cause shown, the Court hereby enters the following Amended Protective Order, the terms and conditions of which shall govern documents and information deemed confidential by the parties and specifically identified below.

1. <u>Designations of "CONFIDENTIAL" materials</u>. The parties have the right to designate as "CONFIDENTIAL" documents or information they believe, in good faith, consists of:

    a. Personnel records regarding Defendants' employees who are not, and are not expected to be, parties to this action;

    b. Non-public, confidential information and documents regarding Defendants' operations and financial condition; and

    c. Plaintiffs' personal and financial information.

2. <u>Restriction on Disclosure of Designated Materials</u>. No information or things designated "CONFIDENTIAL" shall be disclosed to any person or entity except as set forth in this Amended Protective Order. No person shall use any material designated "CONFIDENTIAL" for any purpose other than in connection with preparation and trial of this action. No copies of designated materials shall be made, except by or on behalf of counsel of record for the parties to this Amended Protective Order or their experts and/or consultants.

3. <u>Marking of Designated Materials</u>. Documents that a party reasonably believes are confidential and subject to this Amended Protective Order shall be marked by placing the legend "CONFIDENTIAL" on each page of the document. All documents to be so designated shall be marked prior to the provision of a physical copy thereof to the receiving party. If such documents have already been produced to another party, the party producing the documents shall notify the

receiving party immediately that such documents shall be marked and deemed "CONFIDENTIAL" under the terms of this Amended Protective Order. To the extent not inconsistent with any other paragraph, this paragraph shall govern information that has been produced and inadvertently not initially designated "CONFIDENTIAL." The initial failure to designate information in accordance with this Amended Protective Order shall not preclude the producing party, at a later date, from designating any information "CONFIDENTIAL." The producing party may, by written notice to counsel of record for the receiving party, designate previously produced information as "CONFIDENTIAL" which it had inadvertently failed to designate as "CONFIDENTIAL." Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall treat the information as if it has been designated "CONFIDENTIAL," shall restrict disclosure of such information only to those persons qualified pursuant to this Amended Protective Order, and if such information has previously been disclosed to persons not qualified pursuant to this Amended Protective Order, take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

4. <u>Access to "CONFIDENTIAL" materials</u>. Information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

   a.   Any party to this action;

   b.   Counsel working on this action on behalf of any party to this action, and all assistants and stenographic and clerical employees working under the direct supervision of counsel,

       copying service providers and other independent contractors retained for the purpose of this litigation;

c.    Any person not employed by a party who is expressly retained by a party, or any attorney described in paragraph 4(b), to assist in litigation of this action, with disclosure of "CONFIDENTIAL" materials only to the extent necessary to perform such work;

d.    Court reporters;

e.    The Court;

f.    Deponents; and

g.    Potential, anticipated or actual fact witnesses and their counsel upon seven days' notice to the producing party before showing "CONFIDENTIAL" materials to potential, anticipated, or actual fact witnesses and their counsel.

5.    <u>Undertaking of Persons Receiving Designated Materials</u>. In no event shall any material designated "CONFIDENTIAL" be disclosed to any person described in paragraphs 4(c) 4(f), and 4(g) until that person has executed a written declaration in the form attached hereto as Exhibit A acknowledging he or she has read a copy of this Amended Protective Order and agrees to be bound thereby. In the event of depositions of third party witnesses, at which "CONFIDENTIAL" information is to be shown or revealed to the deponent, the party seeking to use such information shall request that said deponent execute a written declaration in the form attached hereto as Exhibit A. Unless such a declaration is obtained, "CONFIDENTIAL" information shall not be disclosed to the deponent. Counsel of record shall be responsible for maintaining a file of all such declarations. The signed declarations shall be available for inspection by this Court and any other

party.

6. <u>Challenging Designations of Confidentiality</u>. Any party may request in writing, to the party or non-party that produced documents, information, or material designated as "CONFIDENTIAL," that the designation be modified or withdrawn. If any party disputes the confidentiality of a document or information marked as "CONFIDENTIAL" (hereinafter, "the disputing party"), the disputing party shall state that objection and include a basis for the objection, by letter to the designating party. The parties agree to confer by telephone or in person to resolve any dispute respecting the terms and conditions of this Amended Protective Order. If the parties are unable to resolve the dispute, the producing party must file a motion seeking a protective order within twenty-one (21) days of the failure to resolve such dispute. Upon any such motion, the burden shall be on the producing party or non-party to show why its designation is proper. Until the Court rules on such a dispute, the documents or information in question shall continue to be treated as "CONFIDENTIAL" information. As designated.

7. <u>Limitations Upon the Scope of Order</u>. Nothing in this Amended Protective Order shall affect the right of designating party to disclose, or use for any purpose, the documents or information produced by it as "CONFIDENTIAL" or to use or disclose any information or thing that has not been obtained through, or derived as a result of, this litigation.

8. <u>Breach of This Order</u>. Parties may seek appropriate remedies for breach of the provisions of this Amended Protective Order.

9. <u>Duration of Order</u>. The confidentiality obligations imposed by this Amended Protective Order shall remain in effect unless otherwise expressly ordered by the Court.

**IT IS SO ORDERED.**

Dated this 5th day of June 2006, at Kansas City, Kansas.

                                                    s/ David J. Waxse
                                                  David J. Waxse
                                                  United States Magistrate Judge

cc:   All counsel and *pro se* parties

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICKY S. JOHNSON,

        Plaintiff,

v.                                                       No.  05-2093-JWL-DJW

KRAFT FOODS NORTH AMERICA, INC. et al.,

        Defendants.

**DECLARATION REGARDING PROTECTIVE ORDER AGAINST UNAUTHORIZED
<u>USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION</u>**

       I _____ declare as follows:

My address is _____;

My present employer is _____;

My present occupation or job description is _____.

       I hereby acknowledge that I have received, or may receive, information designated as "CONFIDENTIAL" under an Amended Protective Order of the Court in the above lawsuit, and I acknowledge such information is provided to me pursuant to the terms and restrictions of such Amended Protective Order.

       I further state that I have (i) been given a copy of, and have read, the Amended Protective Order; (ii) I am familiar with the terms of the Amended Protective Order; (iii) I agree to comply with, and to be bound by, each of the terms thereof; and (iv) I agree to hold in confidence any information disclosed to me pursuant to the terms of the Amended Protective Order.

To assure compliance with the Amended Protective Order, I hereby submit myself to the jurisdiction of the United States District Court for the District of Kansas for the limited purpose of any proceedings relating to performance under, compliance with, or violation of this Protective Order.

I understand I am to (i) retain all of the materials I receive which have been designated as "CONFIDENTIAL" in a safe place in a manner consistent with this Amended Protective Order; (ii) make no copies or other reproductions of any such materials except in connection with my assistance to counsel in this case; (iii) all such materials are to remain in my custody until I have completed my assigned duties, whereupon they are to be returned to the party who provided them to me; and (iv) any materials, memoranda, work notes, or other documents derived from documents designated as "CONFIDENTIAL," or any information contained therein, are to be delivered to the party who provided the designated materials to me. Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the Amended Protective Order. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Amended Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Name: _____

Date: _____