# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RICKY S. JOHNSON,

        Plaintiff,

v.                                                                                       No.  05-2093-JWL-DJW

KRAFT FOODS
NORTH AMERICA, INC. et al.,

        Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Compel (doc. 65).  More specifically, Plaintiff seeks "an order compelling Defendants to produce all documents in its possession, custody, or control in response to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production of Documents."  Defendants oppose the Motion, arguing it is (1) untimely; and (2) lacks the specificity required by Fed. R. Civ. P. 7.

## Discussion

As a preliminary matter, the Court finds it unnecessary to determine whether Plaintiff's Motion was timely filed because, even if deemed timely, the Court would deny the Motion on grounds that the Motion fails to state with particularity the grounds upon which the relief is requested.

Fed. R. Civ. P. 7(b)(1) provides, in relevant part, that "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."  This Court has denied

Motions to Compel that lack the specificity required under Fed. R. Civ. P. 7.[1]  In *Beach*, this Court determined that a party's "failure to articulate specific reasons in support of [a] Motion to Compel" made it impossible for an adverse party to respond, recognizing that Rule 7(b)(1) "advances the policies of reducing prejudice to either party and assuring that the court can comprehend the basis of the motion and deal with it fairly."[2]

In his briefing, Plaintiff repeatedly requests the Court order Defendants "to produce all documents in [Defendants'] possession, custody or control that were requested in Plaintiff's First Request for Documents and to fully respond to each of Plaintiff's First Set of Interrogatories."  Notwithstanding this request for relief, Plaintiff fails to identify any request, response or objection in dispute, instead arguing that Plaintiff previously identified inadequacies to Defendants in their "meet and confer" correspondence.

Based on these circumstances, the Court finds Plaintiff's Motion to Compel fails to "state with particularity the grounds therefor" as required by Rule 7(b)(1).  More specifically, Plaintiff fails to "set forth any basis for the Court to grant the motion." First, Plaintiff makes no effort whatsoever to explain how Defendants' responses are deficient. Instead, Plaintiff's Motion to Compel is devoted to explaining his failure to timely challenge Defendants' responses. Second, Plaintiff fails to specifically identify for the Court which of Defendants' numerous discovery responses are purportedly deficient. Plaintiff's references to a

---

[1] *Beach v. City of Olathe*, 2000 WL 960808, at *12 (D. Kan., July 6, 2000); *Johnson v. Gmeinder*, 1999 WL 1095463, at *6 (D. Kan., November 19, 1999) (noting the Motion to Compel "fails to set forth any basis for the Court to grant the motion. . . and fails to satisfy the basic principle of Fed. R. Civ. P. 7(b)(1) that a motion 'shall state with particularity the grounds therefore.'")

[2] 2000 WL 960808, at *12 (citing *Calderon v. Kansas Dep't of Social and Rehab. Serv.*, 181 F.3d 1180, 1186 (10th Cir. 1999), quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1192 at 42 (2d Ed. 1990) (internal quotations omitted)).

golden rule letter sent to Defendants prior to filing his Motion – even if incorporated by reference to the Motion – is insufficient to comply with the requirement to state with particularity the grounds in support of Plaintiff's request for relief. Based on Plaintiff's submission, there simply is no way for this Court to determine which discovery responses are presently at issue.

For these reasons, the Court finds Plaintiff has failed to articulate, with specificity, the basis for his requested relief; thus Plaintiff's Motion to Compel (doc. 65) is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 7th day of June, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties