## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RICKY S. JOHNSON,

        Plaintiff,

v.                            No.  05-2093-JWL-DJW

KRAFT FOODS
NORTH AMERICA, INC. et al.,

        Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Compel (doc. 54) additional information and documents in response to Defendants' first written discovery requests.  To that end, Defendants frame the disputed issues as follows:

- Plaintiff asserts "general objections" in such a way that makes it impossible for Defendants to determine which of the "general objections" apply to a particular request or interrogatory, as opposed to those which are merely hypothetical;

- Plaintiff fails or refuses to produce requested tax returns;

- Plaintiff's production of documents makes it impossible to determine which documents are responsive to particular requests and interrogatories;

- Plaintiff unilaterally, and without explanation, limits his production to documents he has deems are "relevant";

- Plaintiff's answers to certain interrogatories are non-responsive; and

- Plaintiff has not properly identified documents produced in response to interrogatories as required by Fed. R. Civ. P. 33(d).

As set forth more fully below, Defendants' Motion will be granted in part and denied in part.

A.    **General Objections**

Plaintiff's responses to Defendants' First Interrogatories and First Request for Production of Documents include at least twelve separate "general objections," which purport to object to each discovery request propounded "to the extent" that the request calls for various categories of information.  More specifically, Plaintiff maintains that the general objections apply to each and every discovery request and are incorporated by reference thereto.

This Court has on several occasions "disapproved [of] the practice of asserting a general objection 'to the extent' it may apply to particular requests for discovery."[1] The Court has characterized these types of objections as "worthless for anything beyond delay of the discovery."[2] Such objections are considered mere "hypothetical or contingent possibilities," where the objecting party makes "'no meaningful effort to show the application of any such theoretical objection' to any request for discovery."[3] Thus, this Court has deemed such "ostensible" objections waived or declined to consider them as objections at all.[4]

---

[1]*Sonnino v. University of Kansas,* 221 F.R.D. 661, 666-67 (D. Kan. 2004) (citing *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 497 (D. Kan. 1998); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, No. Civ. A. 97-2391-GTV, 1998 WL 231135, at *1 (D. Kan. May 6, 1998)); *see also Swackhammer v. Sprint Corporation*, 225 F.R.D. 658, 660-61 (D. Kan. 2004).

[2]*Id.* at 667 (citing *Cotracom*, 1998 WL 231135, at *1).

[3]*Id.* (citing *Starlight*, 181 F.R.D. at 497; *Cotracom*, 1998 WL 231135, at *1).

[4]*Id.* (citing *Cotracom*, 1998 WL 231135, at *1 (holding that a party had not justified the application of any "privilege, protection, or immunity" and therefore waived whatever objection it might have asserted where the party asserted a general objection "to the extent" the interrogatories sought anything protected by any "applicable privilege, protection, or immunity"); *Starlight*, 181 F.R.D. at 497 (declining to find that party had asserted a valid objection of work product or attorney-client privilege where party made a general objection "to all interrogatories to the extent the information which is subject to the attorney-client privilege or which is . . . Defendants' work product is sought.")).

The Court agrees with these cases and holds that a general objection which objects to a discovery request "to the extent" that it asks the responding party to provide certain categories of documents or information is tantamount to asserting no objection at all. In other words, such a general objection does not preserve the asserted challenge to production.  In coming to this conclusion, the Court considers Plaintiff's reliance on *Cardenas v. Dorel Juvenile Group, Inc.*[5] to support his proposition that general objections – if properly clarified and substantiated – are considered potentially valid objections.  Plaintiff's reliance on *Cardenas*, however, is misplaced.  In *Cardenas*, the Court considered the validity of the general objections on the merits because the general objections did not seek to abstractly challenge the requests "to the extent" that such requests called for a certain category of information or documents.[6]   In fact, the *Cardenas* court specifically distinguished *Sonnino* and *Swackhammer*, noting that in those cases, the parties inappropriately used the phrase "to the extent that" in their general objections. In so distinguishing, the *Cardenas* court explicitly acknowledged that "such objections are based on 'mere hypothetical or contingent possibilities, where the objecting party makes no meaningful effort to show the application of any such theoretical objection to any request for discovery.'"[7]

Based on this discussion, the Court deems Plaintiff's "general objections" waived and will order Plaintiff to answer each interrogatory, and respond to each request for production, without consideration of his purported "general objections."

---

[5]232 F.R.D. 377, 380 (D. Kan. 2005).

[6]*Id.*

[7]*Id.*

B.    **Plaintiff's Tax Returns**

Defendants' Request 28 seeks "All federal, state, and local income tax returns, and any schedules or documents submitted therewith, including, but not limited to Forms W-2 and 1099, whether filed jointly or separately, by, or on behalf of Plaintiff, for the years 2002 through the present." In addition, Request 28 requests Plaintiff "execute the attached release allowing Defendant[s] to obtain records regarding the same."

In response to this request, Plaintiff states he will produce relevant, non-privileged responsive documents but will not execute the release as requested. Plaintiff subsequently did produce his tax returns for the years 1999-2004, but he redacted information that he believed to be unrelated to his earned income, such as the income of his wife, her social security number, information on dependents, and deductions. Defendants allege Plaintiff should not have redacted any information from his tax returns because (i) he failed to properly preserve any objections that might have allowed him to do so; and (ii) he failed to show that the information requested is readily obtainable from other sources.

Although, as a general rule, courts do not favor compelling production of tax returns, no absolute privilege exists preventing their discovery.[8] To that end, this district has developed a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns.[9] "First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein

---

[8] *Hilt v. SFC, Inc.*, 170 F.R.D. 187, 188-89 (D. Kan. 1997).

[9] *Id.* at 189.

4

is not otherwise readily obtainable."[10] "The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable."[11]

To the extent the tax return in this case reveals Plaintiff's income, Defendants have satisfied the first prong of the test by showing Plaintiff's return is relevant to the issue of damages. Plaintiff claims economic losses. He seeks back and front pay. He has put his income at issue.

And, as to the second prong of the test, the Court finds Plaintiff has failed to provide sufficient evidence to establish that the information found in the returns is readily available from other sources. Therefore, the Court will order Plaintiff to produce tax returns consistent with Defendants' Request for Production of Documents 28. Plaintiff shall be prohibited from redacting any information evidencing his income, from any source, active or passive, before and after his separation of employment. Because the returns are joint returns, however, the Court will allow Plaintiff to redact any information contained on the returns that relates solely to his spouse or his dependents, as there has been no showing that this information is relevant to Plaintiff's claim for damages.

The Court will deny, however, that portion of the motion to compel requesting Plaintiff to execute a release allowing Defendants to obtain Plaintiff's tax records from third parties. This is because the Court finds no basis within Fed. R. Civ. P. 34 to compel a party signature. The appropriate procedure to compel non-parties to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure. It is only after the individuals or entities object on grounds of privilege or otherwise fail

---

[10]*Id.*

[11]*Id.* (citation omitted).

5

to produce the documents pursuant to subpoena that the Court will consider a motion requesting (1) the Court compel the entity to produce the documents pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the Court's general powers to enforce its own orders.

At this juncture, and under the specific circumstances presented, there is no basis under Rule 34 to allow this Court to compel Plaintiff to sign the release forms as requested.

**C.      Correlating Documents Produced to Documents Requested**

Defendants complain that Plaintiff responded to the First Request for Production by stating responsive documents "will be produced" or "have been produced." Defendants further complain that Plaintiff has produced approximately 3,000 pages of documents, yet he has refused to specify which documents relate to specific document requests. Defendants argue that Plaintiff's written responses are insufficient and thus request that the Court order Plaintiff to identify (by the bates numbers affixed to each document) which documents Plaintiff contends are responsive to each specific document request.

Plaintiff counters that it was proper to respond to various requests by stating that "documents have been produced" because the documents that were produced were provided to Defendants "as they are kept in the usual course of business."

Federal Rule of Civil Procedure 34 governs requests for production of documents. Subsection (b) provides that a party who produces documents for inspection "shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." This provision was added to Rule 34(b) to prevent parties from "deliberately . . .mix[ing] critical documents

with others in the hope of obscuring significance."[12] Thus, the Court must decide, based on the information now provided by the parties, whether the documents provided by Plaintiff were produced as they were kept in the usual course of business.

Upon review of the pleadings and exhibits submitted by the parties in conjunction with this motion, the Court finds no information about the manner in which the referenced documents were produced; i.e., where these documents were maintained or who maintained them and whether the documents came from one single source or file or from multiple sources or files. In short, Plaintiff fails to provide the Court with any information, let alone evidentiary proof, to establish that the documents were produced as kept in the ordinary course of business.

Rule 34 does not explain what it means to produce documents "as they are kept in the usual course of business." The Court, however, finds the facts here very similar to the facts in *Cardenas v. Dorel Juvenile Group, Inc.*[13] In *Cardenas*, this Court held that a party who chooses the Rule 34(b) option to produce documents as they are kept in the ordinary course of business bears the burden of showing that the documents were in fact produced in that manner and that a mere assertion that they were so produced is not sufficient to carry that burden.[14]

In light of the foregoing, the Court finds that Plaintiff has not met his burden to establish that he produced these documents "as they are kept in the usual course of business." Because Plaintiff did not do

---

[12]*See* Advisory Committee Note for 1980 Amendment to Rule 34 (quoting Report of the Special Committee for the Study of Discovery Abuse, Section of Litigation of the American Bar Association (1977)).

[13]230 F.R.D. 611, 617-18 (D. Kan. 2005).

[14]*Id.*

so, he should have organized and labeled them to correspond with the categories in each request, as required by Rule 34(b).[15] As the documents already have been provided, the easiest way for Plaintiff to comply with the "organize and label" requirement is for Plaintiff to identify by bates number which documents are responsive to each request.  To that end, Plaintiff will be ordered to serve amended discovery responses to those requests that he responded to by referring to "previously produced" documents, and will be further ordered to identify by bates stamp number which documents are responsive to which requests.

**D.**      **Unilaterally Limiting Production to "Relevant, Non-Privileged" Documents**

In response to many of Defendants requests for production and interrogatories, Plaintiff asserts he has produced, or will produce, "relevant, non-privileged" responsive documents. Defendants argue use of this language implicitly challenges the relevancy of the request and such a challenge is procedurally improper.  The Court agrees.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[16] Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[17]  Consequently, a request for discovery should be allowed "unless it is clear that the

---

[15]Fed. R. Civ. P. 34(b).

[16]Fed. R. Civ. P. 26(b)(1).

[17]*Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004).

information sought can have no possible bearing" on the claim or defense of a party.[18]

When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[19] In other words, a party may not unilaterally withhold information or documents that are responsive to a discovery request by stating that "all relevant, non-privileged" responsive information or documents have been, or will be, produced. If a party intends to withhold information or documents responsive to a discovery request based on lack of relevancy, an objection based on lack of relevancy must be lodged in the responsive pleading.

Based on this discussion, Plaintiff will be ordered, within ten (10) days of the filing of this Order, to serve amended discovery responses eliminating the term "relevant" from any response stating that "all relevant, non-privileged" information or documents have been, or will be, produced. In so doing, Plaintiff shall be permitted to supplement any of the referenced responses by lodging a valid (but not boilerplate) objection based on relevancy.

**E.      Individual Document Requests and Interrogatories**

**1.      Requests 7, 8 and 10**

Request 7.   All documents that belong to, were prepared by, or relate to Kraft, its employees, officers, agents, representatives or business operations that Plaintiff obtained, either directly or indirectly, during his employment by Kraft.

---

[18]*Id.* (citations omitted).

[19]*Id.*

Request 8.  All documents that belong to, were prepared by, or relate to Kraft, its employees, officers, agents, representatives or business operations that Plaintiff obtained, either directly or indirectly, after his separation of employment by Kraft.

Request 10.  All documents, including, but not limited to, tapes, tape recordings, journals, notes, records, diaries, calendars, or other recordings made by Plaintiff related to his employment or separation of employment by Kraft.

Plaintiff objects to all three of these requests as overly broad in time and scope and as calling for documents that are not relevant to the claims or defenses of any party. Defendants disagree, arguing that Plaintiff has put the terms and conditions of employment at issue in this suit.

The Court finds these requests are overly broad on their face in that they are not limited in time or scope. When a request is overly broad on its face, the party seeking the discovery has the burden to show the relevancy of the request.[20] Here, Plaintiff has failed to provide any information or argument to establish how the broad range of information sought is relevant or reasonably calculated to lead to the discovery of admissible evidence.

Despite the overly broad nature of Requests 7, 8 and 10 on their face, the Court is mindful of a party's duty under the federal rules to respond to the extent that discovery requests are not objectionable.[21] The Court, however, will not compel further response when inadequate guidance exists to determine the proper scope of a request.[22] Here, the Court finds Requests 7, 8, and 10 fail to provide adequate guidance

---

[20]See Owens v. Sprint/United Management Co., 221 F.R.D. 649, 652 (D. Kan. 2004) (when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request).

[21]Fed. R. Civ. P. 34(b).

[22]Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 666 (D. Kan. 1999) (citing Schartz v. Unified School Dist. No. 512, No. Civ. A. 95- 2491-EEO, 1996 WL 741384, at *1 (D. Kan. Dec. 18, 1996) (addressing duty to answer interrogatories and respond to requests for

to determine the scope of the requests propounded. Accordingly, Plaintiff's objections to answering these requests will be sustained.

### 2.      Request 11

Request 11 seeks "tapes, tape recordings, journals, notes, records, diaries, calendars, or other recordings" by Kraft or its agents that are related to the allegations in Plaintiff's Complaint.  In his supplemental discovery responses, Plaintiff objects to this request on grounds that it calls for documents protected by privilege.  In the pleading he filed in response to this Motion to Compel, Plaintiff states that he did not intend to lodge an objection to this request based on lack of relevance and he has not withheld any documents responsive to this request based on relevance.  Plaintiff further states he has included in his updated privilege log a description of responsive documents he has withheld pursuant to the privilege objection lodged.  Defendants have not challenged the privilege objection in the pending motion.

Based on this information, the Court finds Plaintiff's response adequate and will deny Defendants' motion to compel further documents and/or information in response to this request.

### 3.      Request 26

Request 26 seeks all documents regarding any job search efforts by Plaintiff while Plaintiff was employed by Kraft. Plaintiff objects to this request as overly broad in time and scope and as calling for documents that are not relevant to the claims or defenses of any party.  With that said, Plaintiff asserts in his pleading that he is willing to provide documents responsive to this request for the relevant time period. Plaintiff did not, however, specifically identify what he believes to be the relevant time period for this

---

production); *see, also, Mackey v. IBP, Inc*., 167 F.R.D. 186, 198 (D. Kan. 1996) (addressing duty to answer interrogatory)).

lawsuit, and Defendants did not address the issue any further in their Reply brief. Based on these circumstances, the Court will grant the motion to compel with regard to Request 26 to the extent that Plaintiff shall be required to produce documents responsive to this request for the relevant time period. The parties will be required to meet and confer in an attempt to come to an agreement regarding the relevant time period for this particular request and, if the parties are unable to come to such an agreement, may file the appropriate motion with the Court.

### 4.      Request 36

Request 36 seeks documents regarding other "lawsuits, complaints, charges of discrimination, or bankruptcy proceedings filed against, by, or on behalf of, Plaintiff, involving any individual or entity other than Kraft." Plaintiff objects to this request as overly broad in time and scope and as calling for documents that are not relevant to the claims or defenses of any party.

The Court finds the request overly broad on its face in that it is not limited to in time or scope. As noted above, when a request is overly broad on its face, the party seeking the discovery has the burden to show the relevancy of the request.[23] Here, Defendants argue the broad range of information requested is relevant in that they are entitled to know

- whether Plaintiff addressed the allegations in this matter in a separate suit; or

- whether Plaintiff has recovered damages in another case that are redundant with his claims in this matter.

The Court is not persuaded by Defendants' argument. Both examples cited by Defendants are limited to lawsuits, complaints and charges related to discrimination and retaliation issues. Defendants'

---

[23]*Owens*, 221 F.R.D. at 652.

request, however, seeks documents related to any lawsuit, complaint, or charge involving Plaintiff over the span of Plaintiff's entire life.  Simply put, Defendants have failed to adequately explain how this very broad request is relevant or reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, Plaintiff's objection to answering this request will be sustained.

**5.     Disjunctive Language Used in Interrogatories 2(c) and 4(c)**

Interrogatory 2(c):  With respect to Plaintiff's allegations that Defendants "ha[ve] engaged in a pattern or practice of denying African American employees, including Plaintiff, promotions and/or transfers and/or assignments to more desirable positions, sales accounts or sales routes regularly made available to Caucasian sales employees," identify by job title, position, name, or other unique identifying feature the "more desirable positions, sales accounts or sales routes regularly made available to Caucasian sales employees."

Interrogatory 4(c):  With regard to Plaintiff's allegation that Defendants have "engaged in a pattern or practice of grooming Caucasian sales employees for advancement while denying African American employees, including Plaintiff, these same opportunities" . . . Identify by job title, position, name, or other unique identifying feature the "opportunities" "for advancement" as alleged by Plaintiff.

Plaintiff claims he fully answered these interrogatories by identifying only job positions, because the interrogatories sought information about various positions, sales accounts, *or* sales routes.  In other words, Plaintiff argues his responses are adequate because the interrogatories seek information in the disjunctive.  The Court agrees.

Based on the disjunctive language used by Defendants, the Court finds Plaintiff's responses are sufficient and will deny Defendants' Motion to Compel with regard to these interrogatories.  With that said, Defendants are not prohibited from seeking leave of Court to propound additional interrogatories and, if granted, from propounding supplemental interrogatories that do not include the disjunctive phrases previously used.

**6.     Interrogatories 5(e) and 6(e)**

Plaintiff alleges a pattern and practice of race discrimination regarding various employment transactions, including Kraft's compensation practices. Interrogatories 5(e) and 6(e) request information regarding the contention in Plaintiff's Complaint that he and others were treated less favorably than "similarly situated Caucasian employees." In particular, these interrogatories ask Plaintiff to describe how he and others are "similarly situated." Plaintiff has answered both interrogatories by indicating that he and the Caucasian employees "are alike in all relevant respects."

Defendants maintain these answers are non-responsive. Plaintiff disagrees, arguing the requests are impermissible contention interrogatories and thus overly broad. Plaintiff further argues that even if they were not overly broad, they are premature at this point in time.

### a.    Contention Interrogatories

Requests for opinions or contentions that call for the application of law to fact are proper,[24] and an interrogatory may properly inquire into a party's contentions in the case.[25] These types of interrogatories, known as "contention interrogatories," may be used to narrow and define the issues for trial.[26] More specifically, contention interrogatories may enable the propounding party to determine the proof required to rebut the responding party's position.[27] With that said, however, this Court has found that a contention interrogatory which seeks "all facts" supporting allegations within one paragraph of a complaint is overly

---

[24]*Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000) (citing Fed. R. Civ. P. 33(c)).

[25]*Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 538 (D. Kan. 1989).

[26]*Steil*, 197 F.R.D. at 446.

[27]*Id.*

broad and unduly burdensome on its face.[28]

Interrogatories 5(e) and 6(e) ask Plaintiff to describe how he and others are "similarly situated" to Caucasian employees who were treated more favorably.   Neither of these interrogatories globally request "all facts" supporting allegations asserted by Plaintiff in its Amended Complaint; instead, the requests appear to seek only the material facts supporting the allegations. *Hiskett* specifically authorizes the scope of an inquiry such as this.[29]   Accordingly, the Court finds that the contention interrogatories here are not overly broad or unduly burdensome and Plaintiff shall be required to fully answer them.

### b.    Premature Interrogatories

Plaintiff maintains he cannot provide the level of detail requested by Defendants in answering the referenced interrogatories because he has not obtained sufficient discovery from Defendant. Relevant to Plaintiff's argument, the federal rules provide that

> [a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.[30]

Notwithstanding Plaintiff's argument, the Court finds no persuasive reason for deferring answers to Interrogatories 5(e) and 6(e).  Because of the simplicity of notice pleading, Plaintiff should provide as much information as possible regarding his claims without delay and as early as required. Defendants are "entitled

---

[28]*See Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403 (D. Kan. 1998).

[29]*Hiskett*, 180 F.R.D. at 405.

[30]Fed. R. Civ. P. 33(c) (emphasis added).

to know the factual basis of plaintiff's allegations."[31]  Plaintiff is not entitled to withhold discovery information until he has obtained to his own satisfaction all discovery from Defendants.[32]  Plaintiff must be aware of some of the specific facts upon which the allegations in his Complaint are based, otherwise he would not have made the allegations in the first place.  For this reason, the Court finds that the contention interrogatories here are not premature and Plaintiff shall be required to fully answer them.

**F.**     **Specifically Identifying Documents Produced in Response to Interrogatories**

Defendants assert Plaintiff has not properly identified documents produced in response to Interrogatories 7, 16, and 19 as required by Fed. R. Civ. P. 33(d). More specifically, Defendants maintain Plaintiff has responded to several interrogatories by simply referring Defendants to documents he has produced, or will produce, in this case.  In response, Plaintiff argues he did not merely refer Defendants to previously produced documents, but instead referred Defendants to documents simultaneously produced in conjunction with the responsive pleadings.

A party may answer an interrogatory by referring another party to documents attached to the responsive pleadings or to documents previously produced or disclosed.  With that said, the reference "shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can be party served, the records from which the answer may be ascertained."[33] It is well settled in this jurisdiction that a party "may not merely refer" another party to documents "hoping [the other party] will be able to

---

[31]*Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991).

[32]*Bohannon v. Honda Motor Co.*, 127 F.R.D. at 538.

[33]Fed. R. Civ. P. 33(d).

glean the requested information from them."[34]   Indeed, "[t]he court generally finds such practice

unacceptable."[35] "Absent compliance with Rule 33(d) or attachment of appropriate documents, [a party]

may not direct [another party] to find answers from previously produced documents."[36]

Here, Plaintiff submitted the following responses with regard Defendants' interrogatory requests

for identification of documents:

> <u>Plaintiff's Response to Interrogatory 7</u>:   "Plaintiff will produce all relevant, non-privileged
> documents in his possession related to each practice, or procedure identified by Plaintiff in
> response to this interrogatory."

> <u>Plaintiff's Response to Interrogatory 16</u>: "Plaintiff responds that he will produce all relevant, non-
> privileged documents responsive to this Interrogatory subject to a protective order."

> <u>Plaintiff's Response to Interrogatory 19</u>: "More information regarding Plaintiff's complaints may
> be found in Plaintiff's documents produced in this litigation and such information should also be in
> the possession of Kraft."

Contrary to Plaintiff's assertion, there is no reference in these responses to simultaneously produced

documents.   And, with regard to previously produced documents, Plaintiff's generic references to

documents he will produce fails to comply with Rule 33(d). In other words, Plaintiff has failed to identify

responsive documents with the requisite degree of specificity called for by Rule

33(d). The easiest way for Plaintiff to comply with identification requirement is for Plaintiff to identify by

bates number which documents are responsive to each of the referenced interrogatories.  To that end,

Plaintiff will be ordered to serve amended discovery responses to those Interrogatories 7, 16, and 19 and

---

[34]*DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 680-81 (D. Kan. 2004).

[35]*Id.* at 680.

[36]*Id.*

will be further ordered to identify by bates stamp number which documents are responsive to which interrogatories.

Based on the discussion above, Defendants' Motion to Compel is granted in part and denied in part as specifically set forth below:

(1)     Defendants' Motion to Compel with regard to the "general objections" lodged by Plaintiff is **<u>granted</u>** and, no later than **<u>June 30, 2006</u>**, Plaintiff shall answer each interrogatory, and respond to each request for production, without consideration of his purported "general objections."

(2)     Defendants' Motion to Compel with Plaintiff's tax returns is

    a.     **<u>granted</u>** to the extent that, no later than **<u>June 30, 2006</u>**, Plaintiff shall produce tax returns consistent with Defendants' Request 28. To that end, Plaintiff shall be prohibited from redacting any information evidencing his income, from any source, active or passive, before and after his separation of employment.

    b.     **<u>denied</u>** to the extent that

        i.     Plaintiff is permitted to redact any information contained on the returns that relates solely to his spouse or his dependents; and

        ii.     Plaintiff's objection to executing a release allowing Defendants to obtain Plaintiff's tax records from third parties is sustained.

(3)     Defendants' Motion to Compel is **<u>granted</u>** with regard to those requests and interrogatories that Plaintiff responded to by referring to "previously produced" documents and, no later than **<u>June 30, 2006</u>**, Plaintiff shall serve amended discovery responses identifying by bates stamp number which documents are responsive to which requests.

(4)     Defendants' Motion to Compel is **<u>granted</u>** with regard to those requests and interrogatories that Plaintiff responded to by stating that "all relevant, non-privileged" information or documents have been, or will be, produced and, no later than **<u>June 30, 2006</u>**, Plaintiff shall serve amended discovery responses eliminating the term "relevant" from any such response. In so doing, Plaintiff shall be permitted to supplement any of the referenced responses by lodging a valid (but not boilerplate) objection based on relevancy.

(5)     Defendants' Motion to Compel a response to Requests 7, 8 10 and 11 is **<u>denied.</u>**

(6)     Defendants' Motion to Compel a response to Request 26 is **<u>granted</u>** to the extent that, on or before **<u>June 30, 2006</u>**, Plaintiff shall be required to produce documents responsive to this request for the relevant time period.  The parties will be required to meet and confer in an attempt to come to an agreement regarding the relevant time period for this particular request and, if the parties are unable to come to such an agreement, may file the appropriate motion with the Court.

(7)     Defendants' Motion to Compel a response to Request 36 is **<u>denied</u>**;

(8)     Defendants' Motion to Compel with regard to Interrogatories 2(c) and 4(c) is **<u>denied</u>**. With that said, Defendants are not prohibited from seeking leave of Court to propound additional interrogatories and, if granted, from propounding supplemental interrogatories that do not include the disjunctive phrases previously used;

(9)     Defendants' Motion to Compel answers to Interrogatories 5(e) and 6(e) is **<u>granted</u>**;

(10)    Defendants' Motion to Compel amended discovery responses to Interrogatories 7, 16, and 19 is **<u>granted</u>** and no later than **<u>June 30, 2006</u>**, Plaintiff shall identify by bates stamp number which documents are responsive to which interrogatories.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 16th day of June, 2006.


                                                    <u>s/ David J. Waxse</u>
                                                    David J. Waxse
                                                    United States Magistrate Judge


cc:     All counsel and *pro se* parties