**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RICKY S. JOHNSON,

        Plaintiff,

v.                                                                          No. 05-2093-JWL-DJW

KRAFT FOODS
NORTH AMERICA, INC. et al.,

        Defendants.

**MEMORANDUM AND ORDER**

Pending before the Court is Defendants' Motion to Compel (doc. 98). More specifically, Defendants seek the following relief from the Court in conjunction with this motion:

- to overrule Plaintiffs' objection asserting that Defendant exceeded the number of interrogatories permitted and compel Plaintiffs to respond to Interrogatories 6-18;

- to overrule Plaintiffs' objections based on relevance and compel Plaintiffs to provide supplemental responses withheld pursuant to those objections;

- to overrule Plaintiffs' objections based on vagueness and overbreadth and compel Plaintiffs to provide supplemental responses withheld pursuant to those objections;

- to compel Plaintiffs to withdraw objections based on the attorney-client privilege and the work product doctrine if there are no documents being withheld pursuant to these objections; and

- to compel Plaintiffs to withdraw their preliminary statement.[1]

For the reasons stated below, Defendants' Motion will be granted in part and denied in part.

---

[1] Although Defendant additionally sought to compel Plaintiffs to produce an index correlating the documents produced to the discovery requests and to have the Court overrule Plaintiffs' objections regarding temporal scope and prematurity, Defendant has advised the Court that these particular issues have been resolved.

A. **Plaintiffs' assertion that Defendant exceeded the permitted number of interrogatories**

Out of the eighteen (18) interrogatories at issue in this Motion to Compel, Plaintiffs object to answering Interrogatories 6-18 on grounds that Defendants have exceeded the maximum number of twenty-five interrogatories. The Court agrees and will sustain Plaintiffs' objection.

Paragraph 2(d) of the May 25, 2006 Scheduling Order in this matter provides that "No party shall serve more than 25 interrogatories, including all discrete subparts, to any other party."[2] In addition, Federal Rule of Civil Procedure 33(a), by its express terms, makes it clear that each interrogatory served, including any "discrete subparts," is to be counted against the numerical limit of interrogatories to be served.[3] With that said, Rule 33(a) does not define the term "discrete subparts," and courts have struggled to interpret the term's meaning.

In *Williams v. Bd. of County Comm'rs of the Unified Government of Wyandotte County and Kansas City, Kansas*[4], this Court addressed how the number of interrogatories is calculated:

> Interrogatories often contain subparts. Some are explicit and separately numbered or lettered, while others are implicit and not separately numbered or lettered. Extensive use of subparts, whether explicit or implicit, could defeat the purposes of the numerical limit contained in Rule 33(a), or in a scheduling order, by rendering it meaningless unless each subpart counts as a separate interrogatory. On the other hand, if all subparts count as separate interrogatories, the use of interrogatories might be unduly restricted or requests for increases in the numerical limit might become automatic.[5]

Notably, the Advisory Committee addressed this issue in amending Rule 33 and provided

---

[2] Doc. 82.

[3] Fed. R. Civ. P. 33(a) ("Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served.").

[4] 192 F.R.D. 698, 701 (D. Kan. 2000).

[5] *Id.*

the following guidance as to when subparts should count as separate interrogatories:

> Each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of court (or stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.[6]

In *Williams*, this Court observed that an interrogatory containing subparts directed at eliciting details concerning a "common theme" should generally be considered a single question.[7] On the other hand, an interrogatory which contains subparts that inquire into discrete areas should, in most cases, be counted as more than one interrogatory.[8]

With these standards in mind, the Court has reviewed each of the eighteen interrogatories propounded and hereby makes the following determinations:

- The subparts within Interrogatory 1 shall be considered as three separate interrogatories;

- The subparts within Interrogatory 2 shall be considered as six separate interrogatories;

- The subparts within Interrogatory 3 shall be considered as five separate interrogatories;

- The subparts within Interrogatory 4 shall be considered as six separate interrogatories;

- The subparts within Interrogatory 5 shall be considered as five separate interrogatories;

---

[6]*Id.* (quoting Advisory Committee Note, 146 F.R.D. 401, 675-76 (Fed.1993)).

[7] *Id.* (quoting 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure, § 2168.1 at 261 (2d ed.1994)).

[8]*Id.* (quoting Wright, Miller & Marcus, *supra*).

- The subparts within Interrogatory 6 shall be considered as five separate interrogatories;

- The subparts within Interrogatory 7 shall be considered as four separate interrogatories;

- Interrogatory 8 shall be considered as one interrogatory;

- Interrogatory 9 shall be considered as one interrogatory;

- Interrogatory 10 shall be considered as one interrogatory;

- Interrogatory 11 shall be considered as one interrogatory;

- Subparts a-c within Interrogatory 12 shall be considered as one interrogatory and Subparts d-f shall be considered as one interrogatory;

- Interrogatory 13 shall be considered as one interrogatory;

- Interrogatory 14 shall be considered as one interrogatory;

- Interrogatory 15 shall be considered as one interrogatory;

- Interrogatory 16 shall be considered as one interrogatory;

- Subparts a-b of Interrogatory 17 shall be considered as one interrogatory, and each of the remaining subparts shall be considered as three separate interrogatories; and

- Interrogatory 18 shall be considered as one interrogatory.

Based on these determinations, the Court finds that in Interrogatories 1-5, including discrete subparts, Defendants actually propounded twenty-five interrogatories. The Court therefore sustains Plaintiffs' objection to answering Interrogatories 6-18 on grounds that Defendants have exceeded the maximum number of twenty-five interrogatories.

**B.     Plaintiffs' objections based on relevance**

Plaintiffs object to Interrogatories 12, 13, 16 and 17 – as well as Requests 18, 19, 20 and 31 – on grounds that these requests seek information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

### 1.     Interrogatories 12, 13, 16 and 17

Because the Court has sustained Plaintiffs' objection to answering Interrogatories 6-18 on grounds that Defendants have exceeded the maximum number of twenty-five interrogatories, the Court finds that Plaintiffs' objections to Interrogatories 12, 13, 16 and 17 on grounds of relevancy are moot.

### 2.     Requests 18 and 20

Request 18:  All documents reflecting, referring to, or related to income received by Plaintiff during the five (5) year period preceding the date of these requests through trial, including income from (i) employment and self employment, including, but not limited to wages, salary, commissions, and bonuses, (ii) Social Security benefits, (iii) public assistance benefits, unemployment compensation benefits, (iv) workers' compensation benefits, and (v) disability benefits.

Request 20: All documents regarding (i) Plaintiff's employment as an employee, or engagement as an independent contractor, or consultant, by an employer, individual entity, or entity other than Kraft, or (ii) Plaintiff's self-employment, at any time Plaintiff was also employed by Kraft.

Plaintiffs object to these requests on grounds of relevancy and state that, subject to and without waiving the relevancy objection, they will produce all non-privileged documents responsive to these requests that relate to income associated with their employment at Kraft. Defendant takes issue with Plaintiffs' relevancy objection and moves to compel production of documents reflecting not just Kraft income, but all outside income and jobs for the past five years as specifically requested.

5

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[9] Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[10] Consequently, a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[11]

When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[12] When relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.[13]

This is a race discrimination in employment case where Plaintiffs seek damages in the form of injunctive and declaratory relief, punitive damages, and compensatory damages equal to the difference between the pay and benefits they currently make and the pay and benefits they would

---

[9] Fed. R. Civ. P. 26(b)(1).

[10] *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004).

[11] *Id.* (citations omitted).

[12] *Id.*

[13] *Id.*

6

have received had the alleged discriminatory conduct not occurred punitive and compensatory damages.  Given this information, the Court finds the relevancy of Requests 18 and 20 are not readily apparent on their face; thus, it is Defendant who has the burden to show the relevancy of the request.

To that end, Defendant argues that documents reflecting outside income and jobs for the past five years is relevant to Plaintiffs' efforts to mitigate their damage claims and, in addition, could possibly show dereliction of job-related duties by Plaintiffs.  The Court is not persuaded by Defendant's arguments. As a preliminary matter, Defendant has presented no evidence to support a theory of dereliction of job-related duties by Plaintiff Adams, Bradshaw or Raines.  Moreover, and unlike Plaintiff Johnson, the three Plaintiffs to which Requests 18 and 20 were propounded are current employees of Kraft.  These Plaintiffs are seeking damages in the form of declaratory and injunctive relief, punitive damages, and compensatory damages equal to the difference between the pay and benefits they currently make and the pay and benefits they would have received had the alleged discriminatory conduct not occurred.  These three Plaintiffs are not seeking damages for wrongful termination –  they are still working for Defendant.  Thus, the Court finds documents reflecting outside income and jobs for a five-year period during which the referenced Plaintiffs worked for Defendant are simply not relevant to the claims and defenses asserted in this lawsuit.

### 3. Request 19

All agreements between Plaintiff and each attorney he retained for purposes of representing his interests regarding the allegations in Plaintiffs' First Amended Complaint in this case, and any amendments thereto.

The Court finds the relevancy of Request 19 is not readily apparent on its face.  Thus, Defendant has the burden to show the relevancy of the request.  To that end, Defendant argues that agreements between Plaintiffs and each attorney they retained for purposes of representing their

interests regarding the allegations in their First Amended Complaint "are relevant to Plaintiffs' damages" and "[t]hey also might contain admissions by Plaintiffs regarding their allegations."[14]

Again, the Court is not persuaded by Defendant's argument. Defendant fails to explain how the documents requested are relevant to Plaintiffs' claims for damages or what admissions against interest may be reflected. The Court will not speculate on these issues. Plaintiffs' objections to Request 19 based on relevancy are sustained.

### 4. Request 31

All documents regarding any criminal proceedings in which Plaintiff was named as a defendant.

Plaintiffs' state in their Response Brief that, notwithstanding the relevancy objection lodged, there are no documents responsive to this request. Accordingly, the Court finds that Plaintiffs' relevancy objections to Request 31 are moot.

### C. **Plaintiffs' objections based on vagueness and ambiguity**

#### 1. Interrogatory 7(a) and 18(d)

Because the Court has sustained Plaintiffs' objection to answering Interrogatories 6-18 on grounds that Defendants have exceeded the maximum number of twenty-five interrogatories, the Court finds that Plaintiffs' objections to Interrogatories 7(a) and 18(d) on grounds of vagueness and ambiguity are moot.

#### 2. Request 17

In Request 17, Defendant seeks "[a]ll documents regarding Plaintiff's qualifications for employment by Kraft." Plaintiffs object to the term "qualifications for employment" as vague and overly broad. More specifically, Plaintiffs argue the request assumes that: (a) there is a list of

---

[14]Defendant's Reply Brief at p.5 (doc. 107).

qualifications that one must have to be employed at Kraft and (b) such a list would be made available to Plaintiffs. Plaintiffs further argue that documents regarding qualifications for employment at Kraft could include a U.S. passport, a driver's license, a diploma or countless other documents. Defendant concludes that, as written, the request is vague and, as a result, overly broad.

The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.[15] A party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories."[16] Here, the Court finds Plaintiffs have satisfactorily met their burden to show how this request is vague and overly broad.  Accordingly, Plaintiffs' objection is sustained and the Court will compel no further response.

**D.**     **Plaintiffs' objections based on privilege and work product**

Plaintiffs make objections based upon the attorney-client and/or work product doctrine in response to Interrogatories 7, 9, 12 and Requests 7, 8 and 19 but provide no privilege log for documents withheld pursuant to these protections.

As a preliminary matter, and because the Court has sustained Plaintiffs' objection to answering Interrogatories 6-18 on grounds that Defendants have exceeded the maximum number of twenty-five interrogatories, the Court finds that Plaintiffs' objections to Interrogatories 12, 13, 16 and 17 on grounds of privilege are moot.

With regard to Requests 7, 8 and 19, Plaintiffs state they have not provided a privilege log

---

[15]*McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 694 (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996)).

[16]*Id.*

9

because no documents have been withheld from production based on these privileges. Plaintiffs further state that due to their ongoing duty to produce responsive documents, it was necessary to lodge the privilege objections in order to reserve their right to withhold documents and to produce a log in the future, if necessary.

The Court is not persuaded by this argument. If, in the future, Plaintiffs discover privileged information or documents that are responsive to the referenced requests, Plaintiff may supplement and/or request to amend their discovery responses to include objections based on privilege and then provide a privilege log. For this reason, Plaintiffs' objections to Requests 7, 8 and 19 based on attorney-client privilege and the work product doctrine are overruled.

**E.** **Plaintiffs' Preliminary Statement**

Plaintiffs' interrogatory responses contains the following "preliminary statement:"

> Plaintiff's responses to all or part of the interrogatories should not be taken as an admission that: 1) Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by the interrogatory; 2) that Plaintiff has in his [or her] possession, custody or control documents relating to any particular interrogatory; 3) that such documents exists; or 4) that Plaintiff's responses constitute admissible evidence.

Defendant argues in its Motion to Compel that this preliminary statement is an improper legal conclusion as to the effect of the interrogatory answers and thus should be removed.

Although the Court declines to strike this verbiage from Plaintiffs' interrogatory answers, the Court notes that the referenced remarks are not binding on the Court in any way and specifically finds that Plaintiffs' answers to interrogatories stand independently on their own.

## **Conclusion**

Based on the discussion above, Defendant's Motion to Compel (doc. 98) is granted in part and denied in part as follows:

**The Motion is GRANTED to the extent that**

- the Court declines to compel Plaintiffs to withdraw their Preliminary Statement.

**The Motion is DENIED to the extent that**

- Plaintiffs' objection to answering Interrogatories 6-18 on grounds that Defendants have exceeded the maximum number of twenty-five interrogatories is sustained;

- Plaintiffs' relevancy objections to Requests 18, 19 and 20 are sustained; and

- Plaintiffs' vagueness and overbreadth objections to Request 17 are sustained.

**It is further ORDERED that**

- Plaintiffs' relevancy objections to Request 31 are moot; and

- Plaintiffs' objections to Requests 7, 8 and 19 based on attorney-client privilege and the work product doctrine are overruled at this time on grounds that there are no documents being withheld pursuant to these objections.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 31st day of October, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties