## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RICKY S. JOHNSON, et al.,

        Plaintiffs,

v.                                              Case No. 05-2093-JWL-DJW

KRAFT FOODS NORTH AMERICA, et al.,

        Defendants.

### MEMORANDUM AND ORDER

A telephone motion hearing was held in this matter on December 4, 2006. Plaintiffs appeared through counsel Angela Drake, Keino Robinson, Rebecca Hamburg and Russell Henkin. Defendants appeared through counsel Nicole Hininger, Patrick Hulla and David Copus. At issue in the telephone hearing was Plaintiffs' Motion to Modify the Scheduling Order (doc. 170), wherein Plaintiffs sought an extension of time for various discovery deadlines as well as permission to designate liability experts out of time.  Upon consideration of the pleadings submitted, as well as discussion at the telephone conference, the Court finds Plaintiffs' Motion to Modify Scheduling Order should be granted as specifically set forth below.

### Chronology of Relevant Procedural Facts

- On May 25, 2006, the Court entered a Scheduling Order in this case, which set the following deadlines related to designation of experts:

  - Experts disclosed by plaintiff no later than October 2, 2006;

  - Experts disclosed by defendant no later than November 3, 2006; and

  - Rebuttal experts disclosed no later than November 17, 2006.

- On June 14, 2006, Plaintiffs Adams, Bradshaw and Raines served their First Request For Production Of Documents on Defendants;

- On July 17, 2006, Defendants objected to and refused to produce a

substantial number of documents and information requested by Plaintiffs;

• On August 30, 2006, Plaintiffs filed a motion to compel with regard to the referenced documents and information;

• On October 13, 2006, Plaintiffs sought permission to disclose damage experts out of time on grounds that they inadvertently failed to calendar the October 2, 2006 deadline.

• On October 18, 2006, the Court found excusable neglect and amended the Scheduling Order by permitting Plaintiffs to submit a damages report no later than November 20, 2006;

• On October 30, 2006 and November 1, 2006, Plaintiffs took the depositions of three senior level Kraft employees.

• On November 14, 2006, the Court granted Plaintiffs' Motion to Compel in large part, requiring Defendants to produce all outstanding documents by November 27, 2006;

• On November 20, 2006, Plaintiffs moved for an extension of scheduling and trial deadlines, as well as permission to disclose liability experts out of time.

### Discussion

Defendants oppose Plaintiffs' Motion to the extent that (1) only a one-month extension of discovery deadlines is warranted; and (2) Plaintiffs have failed to show excusable neglect in support of their request to disclose liability experts after the scheduled deadline.

**A.     Extension of Discovery Deadlines**

Defendants argue Plaintiffs' proposed revisions to the Scheduling Order are unreasonable in that (1) the proposed schedule violates the mandates of Federal Rule of Civil Procedure 1, which calls for the just, speedy and inexpensive determination of every action; and (2) the proposed schedule denies the Court meaningful time to consider dispositive motions prior to trial.

In this case, the Court finds efficiency and justice require that Plaintiffs' revised discovery

2

schedule be adopted. And, because the Court intends to reschedule the trial setting in accordance with the revised discovery deadlines, Defendants' concern regarding sufficient time for the Court to consider dispositive motions prior to trial is moot.

**B.** **Plaintiffs' Request to Designate Liability Experts Out of Time**

Defendants argue Plaintiffs have failed to show excusable neglect in support of their request to disclose liability experts after the scheduled deadline. The Court disagrees.

The United States Supreme Court discussed the meaning of "excusable neglect" *in Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership.*[1] To determine whether neglect is "excusable," the Court must take account of all relevant circumstances surrounding a party's delay, including (1) the danger of prejudice to the other party or parties, (2) the length of the delay and its potential impact on the case, (3) the reason for the delay, including whether it was within the reasonable control of the party seeking relief, and (4) whether the movant acted in good faith.[2]

<u>**Prejudice**</u>

The general purpose of establishing a pretrial sequencing of disclosure for expert testimony is to provide parties with adequate notice for purposes of effective cross-examination and an opportunity for submission of contradicting evidence-in-chief.[3] Given the extension of discovery

---

[1] 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

[2] *Id.* Although *Pioneer* involved an interpretation of the Bankruptcy Act, courts have applied those same standards in the Rule 6(b) context. *See, e.g., Welch v. Centex Home Equity Co., LLC,* No. 03-2132-JWL, 2004 WL 2348295 (D. Kan. Apr. 23, 2004) (citing *Outley v. Coca Cola Enterprises, Inc.*, No. 97-2056-GTV, 1998 WL 118070, at *1 (D. Kan. Mar. 11, 1998); *Blissett v. Casey*, 969 F. Supp. 118, 123 (N.D.N.Y.1997)).

[3] See Fed. R. Civ. P. 26(b)(4) advisory committee's notes (1970) ("[E]ffective rebuttal requires advance knowledge of the line of testimony of the other side. If the latter is foreclosed by a rule against discovery, then the narrowing of issues and elimination of surprise which discovery normally produces are frustrated.").

and trial deadlines set forth below, the Court finds no danger of prejudice to Defendants if the Court permits Plaintiffs to designate liability experts out of time.

**Length of Delay**

Viewed in the context of the activity in this case during the approximately two-month period of time between the original October 2, 2006 deadline and Plaintiffs' request for leave to designate liability experts out of time on November 20, 2006 (as set forth in the chronology above), the Court finds the length of the delay relatively innocuous.

**Reason for Delay/Good Faith**

Plaintiffs assert they only recently determined expert testimony on the issue of liability will be necessary in this case and that this determination was made based on recent deposition testimony and anticipated information that Kraft only recently was ordered to produce. Given the procedural history of this matter to date, the Court finds the delay in evaluating the need for a liability expert was not entirely within Plaintiffs' control. Moreover, and as discussed *supra*, Plaintiffs' delay will cause no prejudice to Defendants and will not materially delay the proceedings. Likewise, the Court has no reason to believe that Plaintiffs or their attorneys acted in bad faith.

For the reasons stated above, the Court finds Plaintiffs adequately have demonstrated excusable neglect in failing to meet the Scheduling Order deadline for disclosure of expert witnesses on the issue of liability.

Accordingly, it is hereby ordered that

Plaintiffs' Motion to Modify Scheduling Order (doc. 170) is **granted** and the Scheduling Order in this matter is modified as specifically set forth below:

- The deadline before which Plaintiffs must disclose liability experts is **February 16, 2007**;

4

- The deadline before which Defendants must disclose liability experts is **March 2, 2007**;

- Rebuttal liability experts must be disclosed by **March 16, 2007**;

- All discovery shall be served in time to be completed by **March 30, 2007**;

- Rule 35 independent medical exams shall be completed by **March 30, 2007**;

- The jointly proposed final pretrial order shall be submitted by **April 9, 2007**;

- The final pretrial conference is reset to **11:00 a.m. on April 16, 2007**;

- The dispositive motion deadline is reset to **April 30, 2007**;

- The deadline for motions challenging admissibility of expert testimony is **April 30, 2007**;

- Upon consultation with the trial judge in this matter, this case is RESET for trial on the Court's docket beginning at **9:30 a.m. on September 4, 2007**. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 5th day of December, 2006.

<div style="margin-left:50%;">

s/ David J. Waxse_____

David J. Waxse

United States Magistrate Judge

</div>

cc:   All counsel and *pro se* parties