**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RICKY S. JOHNSON, et al.,

        Plaintiffs,

v.                                               Case No. 05-2093-JWL-DJW

KRAFT FOODS NORTH AMERICA, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

Pending before the Court is Sherman Cole, M.D.'s ("Dr. Cole") Motion to Compel Deposition Fees (doc. 182) and Supplemental Motion to Compel Deposition Fees (doc. 187). More specifically Dr. Cole seeks to be compensated at $500 per hour for time spent preparing for and testifying at his deposition in this matter. For the reasons stated below, Dr. Cole's Motion will be granted in part and denied in part.

**Relevant Factual Background**

Plaintiffs are current and former employees of Kraft who allege that Kraft discriminated against them based on their race. During the course of discovery, Plaintiffs identified Dr. Sherman Cole, a board-certified psychiatrist, as a witness likely to have discoverable information about Plaintiff Barbara Raines' damages.[1] Although Plaintiffs initially designated Dr. Cole as both a "fact" and "expert" witness, Plaintiffs' counsel subsequently advised Defendant that Dr. Cole was a treating physician and would only testify about the actual treatment of Plaintiff Barbara Raines.[2]

---

[1] Plaintiffs' Supplemental Rule 26 Disclosures (doc. 145) served on October 23, 2006.

[2] Defendants' Memorandum in Opposition to Dr. Cole's Motion to Compel Deposition Fees at p.1 (doc. 192).

On November 20, 2006, Defendant issued a subpoena to Dr. Cole commanding him to appear for deposition at his own office on December 6, 2006 at 12:00 p.m. On December 1, 2006, counsel for Dr. Cole sent a letter to counsel for all parties to advise that although Dr. Cole would not be available for deposition on December 6, 2006 due to conflicts in his schedule, he would be available for deposition on December 12, 2006. In this letter, counsel for Dr. Cole also advised the parties of Dr. Cole's rate of $500 per hour for providing deposition testimony as a treating physician.

On the afternoon of December 4, 2006 – and after expiration of the deadline before which Dr. Cole must have filed a Motion to Quash the December 6, 2006 deposition – counsel for Defendant faxed a letter to counsel for Dr. Cole stating that Dr. Cole's deposition could be rescheduled to December 12, 2006, but only if Dr. Cole would agree to accept the $40 per day statutory deposition witness fee in lieu of his $500 per hour expert rate. After meeting to confer regarding this dispute as required by local rule, the parties ultimately agreed to reschedule the deposition for 11:00 a.m. on December 12 2006 at the office of Dr. Cole's counsel, with the understanding that the dispute over Dr. Cole's deposition charges would be submitted to the Court for resolution at a later time.

The deposition of Dr. Cole took place on December 12, 2006 and lasted approximately thirty (30) minutes. Dr. Cole spent approximately one (1) hour preparing for the deposition. Thus, Dr. Cole requests this Court grant his Motion to Compel Deposition Fees and to order Defendant to compensate him in the total amount of $750.00 for time spent preparing for the deposition and time spent providing deposition testimony.

Defendant objects to the amount Dr. Cole seeks to recover for deposition preparation and testimony. First, Defendant argues Dr. Cole does not have standing to make such a request as he

is not a party to this case. Second, Defendant argues that Dr. Cole has not been designated as an expert witness in this case and thus should be compensated for his time at the statutory rate of $40 per day provided to fact witnesses.[3] The Court rejects both of these arguments.

## Discussion

### A.   Standing

Defendant argues Dr. Cole lacks standing to bring the pending motion, and the Court lacks jurisdiction over Dr. Cole. The Court disagrees. "When the deponent is not a party to the action, the proper procedure for obtaining jurisdiction over the deponent is service of a subpoena pursuant to Fed. R. Civ. P. 45, issued from a court having jurisdiction over the person."[4] Any objections that the subpoenaed individuals may have to such a deposition would then be raised in an appropriate motion for protective order or motion to quash.[5]

Here, the facts demonstrate that Dr. Cole was ready, willing and able to file a Motion to Quash the subpoena due to the fee dispute currently at issue. The facts further demonstrate that in the interest of judicial economy, the parties agreed to go forward with the deposition pursuant to the terms of the subpoena and present the fee dispute to the Court upon written motion. That the motion filed was a Motion to Compel Deposition Fees instead of a Motion to Quash Deposition is immaterial to jurisdiction over the fee dispute by this Court. Defendant properly obtained jurisdiction over Dr. Cole in the first instance by serving him with a subpoena issued from this Court

---

[3] 28 U.S.C. § 1821.

[4] *See Cutherberston v. Excel Indus., Inc.*, 179 F.R.D. 599, 602 (D. Kan.1998).

[5] *Id.*

pursuant to Fed. R. Civ. P. 45; therefore, the Court retains jurisdiction to decide the fee dispute in conjunction with the subpoena issued pursuant to Fed. R. Civ. P. 45.

**B.     Witness Fees**

    **1.     Expert Witness v. Fact Witness**

At issue is the rate a treating physician should be paid for testimony when the treating physician was not designated specifically as an expert and for whom no expert report was filed.

Compensation of fact witnesses is governed by 28 U.S.C. § 1821, which provides:

> A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.[6]

Conversely, compensation of expert witnesses is governed by the Federal Rules of Civil Procedure. Under the Rules, a party may depose any person who has been identified as an expert witness whose opinions may be presented at trial.[7] Such expert witness shall, "unless manifest injustice would result," be compensated by the party seeking discovery at a "reasonable fee for time spent in responding to discovery."[8]

Notably, Fed. R. Civ. P. 26(a)(2) contemplates two distinct categories of expert witnesses: (1) a general category of witnesses who give expert testimony under Fed. R. Evid. 702, 703, or 705[9]; and (2) a subcategory of witnesses who are "retained or specially employed to provide expert

---

[6] 28 U.S.C. § 1821(b).

[7] Fed. R. Civ. P. 26(b)(4)(A).

[8] Fed. R. Civ. P. 26(b)(4)(C).

[9] Fed. R. Civ. P. 26(a)(2)(A).

testimony in the case" and for whom an expert report is required.[10] Treating physicians fall into the first, broader category of experts who are not required to provide a written report.[11] As Judge Sebelius held in *Wirtz v. Kansas Farm Bureau Services, Inc.*, "[w]hether a report must be prepared is not the sine qua non of whether a witness is an expert. Rather it is the substance of the testimony that controls whether it is considered expert or lay testimony."[12] In other words, whether a treating physician should be compensated at a "fact" witness rate of $40 per day or a "reasonable" rate for his or her time depends on the substance of such physician's testimony.

Defendant contends that any witness who was not designated as an "expert" witness prior to trial is entitled only to the statutory compensation set forth in 28 U.S.C. § 1821. The Court rejects this contention as overly simplistic and failing to account for the split that exists with respect to this question among various district courts. "To be certain, a number of courts have held that a treating physician testifying solely to his or her treatment of the patient is not entitled to anything above the fact witness fee."[13] A more common view, however, is the position taken by Judge Sebelius in *Wirtz*: "that the testimony of a treating physician is entitled to his or her 'reasonable fee' because such physician's testimony will necessarily involve scientific knowledge and observations that do not inform the testimony of a simple 'fact' or 'occurrence' witness."[14]

---

[10] Fed. R. Civ. P. 26(a)(2)B).

[11] *See* Advisory Committee Notes to 1993 amendments ("A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.").

[12] *Wirtz v. Kansas Farm Bureau Services, Inc.*, 355 F.Supp.2d 1190, 1211 (D. Kan. 2005) (citations omitted).

[13] *Id.* (citing cases).

[14] *Id.* (citing cases).

Upon consideration of the legal precedent and the arguments presented, the Court hereby adopts the view articulated by Judge Sebelius in *Wirtz* . Thus, a physician will be a pure "fact" witness where such physician is called upon to testify solely as to his or her recollection of an event, such as a car accident observed from a distance.  On the other hand, a physician testifying as to the diagnosis, treatment and/or prognosis of a patient falls squarely within the purview of Fed. R. Evid. 702 because the physician is offering "scientific, technical or other specialized knowledge" that "will assist the trier of fact to understand the evidence or to determine a fact in issue." As such, regardless of his designation, the physician is entitled to a "reasonable fee" for the testimony.

In this case, Dr. Cole testified regarding Barbara Raines' medical condition, his diagnosis of her problems, her treatment and prognosis. This testimony differs markedly from a situation where a witness who happens to be a healthcare provider is called to testify about the color of a traffic light or the position of a car involved in an auto accident observed by such witness. Dr. Cole, an experienced medical doctor, clearly relied on his specialized knowledge in the field of psychology to describe Barbara Raines' mental state. Therefore, Dr. Cole is entitled to compensation for his deposition testimony at a reasonable rate above the statutory rate of $40 per day.

### 2. Preparation Time

Pursuant to Federal Rule of Civil Procedure 26(b)(4)(C)(i), a party seeking discovery from an expert is required to pay "a reasonable fee for time spent in responding to discovery."[15]  The Rules, however, provide little guidance on whether "time spent in responding to discovery" includes an expert's time spent preparing for a deposition.

---

[15] Fed. R. Civ. P. 26(b)(4)(C).

The courts are divided on the issue of whether such time is compensable.[16] Some courts have held that expert preparation time is compensable.[17] Other courts have refused to award compensation for preparation time, at least in the absence of compelling circumstances, such as where the litigation is particularly complex or the expert must review voluminous records.[18] In this District, however, the Court's general practice is to require defendants to pay for at least some of plaintiff's expert witnesses' time spent preparing for their deposition.[19] Although none of the cases cited by this Court in *Boos* actually addressed the issue of whether an expert's time spent preparing for a deposition constitutes "time spent in responding to discovery" under Rule 26(b)(4)(C), the Court has nonetheless ordered defendants to pay a portion of the costs of the expert witnesses' deposition preparation time.[20]

After reviewing the case law in this District and in other districts addressing the issue of whether expert preparation time is compensable, the Court holds, as it did in *Boos*, that "time spent in responding to discovery" under Rule 26(b)(4)(C)(i) includes a reasonable amount of time spent by an expert preparing for a deposition.

---

[16] *Boos v. Prison Health Services*, 212 F.R.D. 578, 579 (D. Kan. 2002).

[17] *Id.* (citing cases).

[18] *Id.* (citing cases).

[19] *Id.* (citing *Nelson v. Calvin*, Civ. A. No. 01-2021-CM, 2002 WL 1071937, at *2 (D. Kan. May 7, 2002); *Kernke v. Menninger Clinic, Inc.*, Civ. A. No. 00-2263-GTV, 2002 WL 334901 (D. Kan. Feb. 26, 2002); *Maasen v. Zwibelman*, Civ. A. No. 98-2280-JWL, 2001 WL 309116, at *2 (D. Kan. Mar. 12, 2001).

[20] *Id.*

### 3.      Reasonableness of Fee Requested

Now that the Court has determined Dr. Cole is entitled to recover "reasonable fees" for the time spent preparing for and testifying at his deposition, it must consider whether $500 per hour is, indeed, reasonable compensation for that time.

While the Court finds the $500 per hour charged is reasonable compensation for the .5 hours Dr. Cole spent testifying at his deposition, the Court finds an hourly rate of $500 per hour for deposition preparation, which is the same as his hourly rate for deposition time, is not reasonable.[21] The Court finds a more reasonable fee for review of documents and preparation for deposition to be $350 per hour.[22]

Based on the discussion above, Dr. Cole's Motion to Compel Deposition Fees (doc. 182) and Supplemental Motion to Compel Deposition Fees (doc. 187) are granted in part and denied in part and Defendant is ordered to pay Dr. Cole

(1)     for .5 hours of Dr. Cole's time spent testifying in his deposition at a rate of $500 per hour; and

(2)     for one (1) hour of Dr. Cole's time spent preparing for his deposition at a rate of $350 per hour.

Accordingly, Defendant is ordered to pay Dr. Cole a total of **$600.00** for time spent preparing for and testifying in his deposition.

---

[21]*Id.* (citing *Kernke*, 2002 WL 334901, at *1 (citations omitted) ("What constitutes a reasonable expert witness fee is within the court's sound discretion.")).

[22]*Id.*

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 7th day of March, 2007.

                                                   s/ David J. Waxse
                                                 David J. Waxse
                                                 United States Magistrate Judge

cc:     All counsel and *pro se* parties