IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICKY S. JOHNSON, et al.,

        Plaintiffs,

v.                                                        No. 05-2093-JWL-DJW

KRAFT FOODS
NORTH AMERICA, INC., et al.,

        Defendants.

## <u>MEMORANDUM AND ORDER</u>

Pending before the Court is Plaintiffs' Motion to Compel (doc. 215). Plaintiffs request the Court compel Defendants to produce ten documents listed in Defendant's privilege log, as well as underlying communications related to the ten documents. In support of this request, Plaintiffs argue Defendants fail in their privilege log to establish the elements required to invoke the attorney-client privilege or the work product doctrine for the referenced documents.

**I.**    **Background.**

At all times relevant to this action, Plaintiffs Ricky Johnson, Reginald Adams, Terrence Bradshaw, and Barbara Raines worked as sales representatives for the Kraft Customer Development Organization (Sales) in the Kansas City Region.  In their Amended Complaint, Plaintiffs allege Defendants engaged in a continuing policy or practice of discrimination against African-American sales employees with regard to promotion, compensation, work assignments, distribution of customers, accounts, sales routes and/or sales territories, discipline and grooming/training.  More specifically, Plaintiffs allege

- Defendants continually review and re-assign customers, accounts, sales routes and/or sales territories among its sales employees;

- Defendants deny African-American employees, including Plaintiffs, promotions and/or transfers and/or assignments to more desirable positions, sales accounts or sales routes regularly made available to Caucasian sales employees;

- Defendants relegate African-American employees, including Plaintiffs, to less lucrative accounts and/or accounts in serious financial difficulty and/or to accounts servicing so-called "black" customers;

- Defendants pay its African-American employees, including Plaintiffs, less than similarly situated Caucasian employees;

- Defendants fail to utilize a formal job posting process through which an individual employee can apply for promotion and advancement is an entirely subjective decision made by an employee's supervisor or manager. This process results in mainly Caucasian employees being promoted through a "tap on the shoulder" over qualified African-Americans;

- Defendants groom Caucasian sales employees for advancement by giving them higher profile/more attractive work assignments and training opportunities that are denied to Plaintiffs and other African-American employees; and

- Defendants monitor and discipline African-American employees, including Plaintiffs, more severely than Caucasian employees.

During the course of discovery, Plaintiffs served Defendant with numerous interrogatories and requests for documents. On January 16, 2007, Defendants produced a Second Amended Privilege Log in conjunction with their responses to Plaintiffs' Fifth Request for Production. Upon review of the log, Plaintiffs challenged the privilege designation for ten documents and requested Defendants produce the referenced documents. In response, Defendants reasserted their position that the documents were privileged. Accordingly, Plaintiffs filed this Motion seeking production of the referenced documents, as well as underlying communications related to these documents.

## II.      Duty to Confer.

Defendant argues Plaintiffs have not satisfied their duty to confer because Plaintiffs did not make a good faith effort to resolve discovery disputes before filing the present Motion to Compel. This claim is primarily based on Defendant's assertion that Plaintiffs did not specifically identify the allegedly deficient entries in the Second Amended Privilege Log prior to filing the motion.

Federal Rule of Civil Procedure 37 requires the movant to make a good faith attempt to confer and resolve discovery disputes prior to filing a motion to compel discovery responses.[1] Rule 37 also requires a certification be attached to the motion to compel explaining the efforts taken to resolve the dispute.[2] District of Kansas Rule 37.2 requires counsel for the moving party to confer or make a reasonable effort to confer with opposing counsel concerning the matter in dispute prior to filing a motion to compel.[3] A "reasonable effort to confer . . . requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[4]

The purpose of these rules is to encourage the parties to satisfactorily resolve their discovery disputes prior to resorting to judicial intervention.[5] Meet and confer requirements are not satisfied "by requesting or demanding compliance with the requests for discovery."[6] The parties must "determin[e] precisely what the requesting party is actually seeking; what responsive documents or

---

[1]Fed. R. Civ. P. 37.

[2]*Id.*

[3]D. Kan. Rule 37.2 (2007).

[4]*Id.*

[5]*Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[6]*Id.*

information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention."[7]

Here, Plaintiffs concede they did not specifically identify the allegedly deficient entries during the parties' March 23, 2007 meet and confer. Plaintiffs go on to state, however, that they did make clear to Defendant that Defendant's privilege log entries were insufficient, that unsupported statements regarding creation of documents in anticipation of litigation was not enough, and that statistical data are not protected as work product. Defendant did not amend its log in response to these concerns and, in response to Plaintiffs' Motion, Defendant continues to assert that the descriptions set forth in the privilege log are sufficient to establish privilege.

Upon consideration of the circumstances presented, the Court finds that although counsel should have made more of an effort to resolve this prior to filing the motion, Plaintiffs have satisfied their meet and confer obligations as required by D. Kan. Rule 37.2 and Fed. R. Civ. P. 37.[8]

## III.    Discussion

For purposes of this discussion, the ten documents at issue will be divided into two categories: (1) documents described as handwritten notes made by legal department staff for which Defendant is claiming both attorney-client privilege and work product protection; and (2) documents described as a summary of statistical information for which Defendant is claiming only work product protection.

### A.    Handwritten Notes Made by Legal Department Staff

[7]*Id.*

[8]Plaintiffs' Memorandum in Support of Their Motion to Compel (doc. 216) at 2-3; Plaintiffs' Reply Brief in Support of Their Motion to Compel (doc. 224) at 4-5.

This first category of documents are described in Defendant's Privilege Log as follows:

| Bates | Document | Date | Author | To | Description | Priv |
|-------|----------|------|--------|-----|-------------|------|
| 44091 | Handwritten Notes | Undated | James Fuller Kraft Legal | File | Notes of communication with HR re Debra Parker's performance and placement on a PIP for purpose of obtaining legal advice | A/C WP |
| 44092 | Handwritten Notes | Undated | James Fuller Kraft Legal | File | Notes of communication with Ovidio Fernandez re draft of final PIP for Jaretta Day for purpose of obtaining legal advice | A/C WP |
| 44093 | Handwritten Notes | 6/19/03 | James Fuller Kraft Legal | File | Notes of communication with Ovidio Fernandez re discipline of Jaretta Day for purpose of obtaining legal advice | A/C WP |
| 44094 | Handwritten Notes | Undated | James Fuller Kraft Legal | File | Notes of communication with Katherine Kellogg re Rick Johnson's charge of discrimination for purposes of obtaining legal advice | A/C WP |
| 44095 | Handwritten Notes | Undated | James Fuller Kraft Legal | File | Notes of communication with Katherine Kellogg re other employees terminated for performance for purpose of obtaining legal advice | A/C WP |
| 44097 | Handwritten Notes | Undated | James Fuller Kraft Legal | File | Notes of communication with Katherine Kellogg re revision/assignment of Rick Johnson's route following his termination for purpose of obtaining legal advice | A/C WP |
| 44098 | Handwritten Notes | 3/11/05 | James Fuller Kraft Legal | File | Notes of voicemail from Katherine Kellogg re Rick Johnson's revocation of his confidentiality agreement for purposes of obtaining legal advice | A/C WP |
| 44099 | Handwritten Notes | 9/12/05 | James Fuller Kraft Legal | File | Notes of voicemail from Katherine Kellogg re Terry Bradshaw's decision not to participate in interview w/Don Prophete and how to proceed for purpose of obtaining legal advice | A/C WP |

## 1.    Attorney-Client Privilege

The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."[9]  The privilege serves both the client's need for legal advice

---

[9]*Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

and the attorney's need to receive complete information in order to render the proper advice.  "Not every communication between an attorney and client is privileged, only confidential communications which involve the requesting or giving of legal advice."[10]  "The focal point of the protection afforded by the attorney-client privilege lies with 'communications' between attorneys and their clients" that are related to legal advice.[11]

The party asserting the privilege bears the burden of establishing its existence.[12]  The asserting party must make a "clear showing" that the asserted objection applies.[13]  To carry that burden, the asserting party must "describe in detail" the documents or information sought to be protected and provide "precise reasons" for the objection to discovery.[14]  In addition, the asserting party must provide sufficient information to enable the court to determine whether each element of the asserted objection is satisfied; a "blanket claim" as to the applicability of the privilege does not satisfy the burden of proof.[15]

Plaintiff challenges the attorney-client privilege designation for attorney handwritten notes documenting communications between Kraft Legal and Kraft Human Resources.  As grounds for

---

[10]*Burton v. R.J. Reynolds Tobacco Co.*, 175 F.R.D. 321, 327 (D. Kan. 1997) (citing *Fisher v. United States*, 425 U.S. 391, 403 (1976); *United States v. Olano*, 62 F.3d 1180 (9th Cir. 1995)).

[11]*IMC Chemicals, Inc. v. Niro, Inc.*, No. 98-2348, 2000 WL 1466495, at *8-9 (D. Kan. July 19, 2000) (quoting *Upjohn Co.*, 449 U.S. at 395-96).

[12]*Ali v. Douglas Cable Comm., Ltd. Partnership*, 890 F. Supp. 993, 994 (D. Kan. 1995) (citing *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984)).

[13]*Id.*

[14]*McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000) (citing *Nat'l Union Fire Ins. Co. v. Midland Bancor, Inc.*, 159 F.R.D. 562, 567 (D. Kan. 1994)).

[15]*Id.* (citing *Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D. Kan. 1995) and *Kelling v. Bridgestone/Firestone, Inc.*, 157 F.R.D. 496, 497 (D. Kan. 1994)).

this challenge, Plaintiffs contend (1) there has been no evidence presented to demonstrate that James Fuller, the author of the handwritten notes, is an attorney who was working in a legal capacity when the communications took place; (2) there has been no "clear showing" that the communications between Legal and Human Resources were intended to be confidential; and (3) communications from a client to an attorney do not qualify as legal advice and thus are not protected by privilege.

The Court rejects each of Plaintiffs' contentions.  As a preliminary matter, Defendant submits the declaration of James Fuller, who declares under penalty of perjury that he has been employed by Defendant as in-house counsel since May 1990.[16]  Fuller further declares that he currently holds the position of Senior Counsel, Labor and Employment, and is responsible for providing legal advice to Defendant's managers (primarily within the Human Resources Department) on a variety of labor and employment-related issues.  With regard to the documents at issue, Fuller declares that he personally drafted the handwritten notes based on communications he had with individuals in the Human Resources Department and that such communications were made for the purpose of obtaining legal advice.  Fuller also declares that he has kept the documents at issue completely confidential and, with the exception of providing these documents to outside counsel during the course of discovery in this lawsuit, has never shown the documents to anyone.

Based on Fuller's affidavit, the Court finds that James Fuller, the author of the handwritten notes, is an attorney who was working in a legal capacity when the communications at issue took place and that Defendant adequately has demonstrated the communications between Legal and Human Resources were intended to be confidential.

Finally, the Court finds Plaintiffs' third and final contention – that communications from a

---

[16]Defendant's Opposition Brief, Exhibit B, James Fuller Declaration.

client to an attorney do not contain legal advice and thus are not privileged – is erroneous as a matter of law.  Contrary to Plaintiffs' contentions, the privilege "protects confidential communications made by a client to an attorney in order to obtain legal assistance from the attorney in his or her capacity as a legal advisor."[17]  "The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyers being fully informed by the client."[18]  "[T]he privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."[19]

Based on the discussion above, the Court finds Defendant has met its burden of proof in asserting a claim of protection based on attorney-client privilege with respect to documents bearing bates numbers 44091, 44092, 44093, 44094, 44095, 44097, 44098, and 44099.  The Court reaches this conclusion based on a finding that these documents are adequately described in the privilege log as documents either transmitting or consisting of communications made in confidence for the primary purpose of obtaining legal advice.  Plaintiffs' motion will be denied as to these eight documents.

---

[17] *United States v. Waugh*, 974 F.2d 1346, 1992 WL 201076, at *4 (10th Cir. 1992) (citing *Fisher v. United States*, 425 U.S. 391, 403 (1976)).

[18] *Upjohn Co. v. United States*, 449 U.S. at 389-90 (citation omitted).

[19] *Id.*

### 2.    Work Product Protection

Because the Court has found that Defendant has met its burden of establishing attorney-client privilege regarding these documents, the Court will not address the issue of whether these documents are also protected under the work product doctrine.

### B.    Statistical Data Withheld Based on Work Product Protection

The remaining two documents at issue in this Motion are described in Defendant's Second Amended Privilege Log as follows:

| Bates | Document | Date | Author | To | Description | Priv |
|---|---|---|---|---|---|---|
| 44104 | Word document w/handwritten notes | Undated | Pam Parrish (Legal) (document & portion of handwritten notes) Burton Reiter (Legal) (remaining handwritten notes) | File | Draft summary of statistics concerning African American and Caucasian employees, prepared for 4/13/05 meeting with Kwame Salter, Burton Reiter, Pam Parrish, Terry Faulk, Executive Vice President of Human Resources | WP |
| 44105 | Word document with [sic] | Undated | Pam Parrish (Legal) | File | Final version of summary of statistics concerning African American and Caucasian employees, prepared for 4/13/05 meeting with Kwame Salter, Burton Reiter, Pam Parrish, Terry Faulk, Executive Vice President of Human Resources | WP |

The work product doctrine, as set forth in Federal Rule of Civil Procedure 26(b)(3), protects against disclosure of the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."[20]   The purpose of the work product doctrine is to provide attorneys "a certain degree of privacy" free from "unnecessary intrusion" or

---

[20]Fed. R. Civ. P. 26(b)(3).

interference while preparing for litigation.[21]  As with the attorney-client privilege, the moving party

has the burden of establishing applicability of the work product doctrine.[22]  A failure to meet the

burden when the trial court is asked to rule upon existence of work product protection is not excused

even if the document is later shown to be one that would have been protected if a proper showing

had been made.[23]

To establish work product protection, a party must show that "(1) the materials sought to be

protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for

trial; and (3) they were prepared by or for a party or representative of that party."[24]  The only issue

relevant to the current dispute is whether Defendant has satisfied its burden of proof of clearly

establishing that documents 44104 and 44105 were prepared in anticipation of litigation.

The work product doctrine does not protect investigative work unless done so under the

supervision of an attorney in preparation for the real and imminent threat of litigation or trial.[25]

Judge Rushfelt analyzed the scope of the anticipation requirement in *Marten v. Yellow Freight

Systems, Inc.*, stating:

> The court looks to the primary motivating purpose behind the creation of the
> document to determine whether it constitutes work product.  Materials assembled in
> the ordinary course of business or for other non-litigation purposes are not protected
> by the work product doctrine . . . To determine the applicability of the work product
> doctrine, the court generally needs more than mere assertions by the party resisting

---

[21]*Hickman v. Taylor*, 329 U.S. 495, 510-511 (1947).

[22]*Ali*, 890 F. Supp. at 994.

[23]*Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984).

[24]*Johnson v. Gmeinder*, 191 F.R.D. 638, 643 (D. Kan. 2000) (citations omitted).

[25]*Williams v. Sprint/United Management Co.*, No. 03-2200-JWL-DJW, 2007 WL 846522, at *7 (D. Kan., March 19, 2007).

discovery that the documents or other tangible items were created in anticipation of litigation.[26]

Upon review of the privilege log entries for documents bearing bates numbers 44104 and 44105, the Court finds Defendant has failed to adequately establish that the documents were prepared in anticipation of litigation. Most importantly, Defendant has provided no context for the Court to determine the motivating purpose behind creation of these two undated documents. The Court acknowledges that the descriptions for these two undated documents reflect they were prepared in anticipation of a meeting with Legal and Human Resources to be held on April 13, 2005. The Court also acknowledges that this lawsuit was filed on March 9, 2005 – over a month before the referenced meeting between Legal and Human Resources was to take place.

Regardless of the timing, however, the Court notes that there simply is no information in the privilege log (or in the briefing associated with this Motion) to establish that the purpose of the meeting between Legal and Human Resources was to discuss litigation or anticipated litigation. In other words, it appears that the primary motivating purpose behind creation of these statistical summaries was for a April 13, 2005 meeting with an unknown agenda. Because there is no evidence that the documents were created in anticipation of litigation, the Court finds the two undated documents are not protected from disclosure by the work product doctrine. Therefore, Plaintiff's motion will be granted as to documents 44104 and 44105.

**B.    Plaintiffs' Request for the Underlying Communications.**

Finally, Plaintiffs argue that for each of the documents at issue in the Motion to Compel, the underlying communications also should be produced. More specifically, Plaintiffs assert Defendant

---

[26]No. 96-2013-GTV, 1998 WL 13244, at *10 (D. Kan., Jan. 6, 1998).

fail to identify any of the underlying communications in its privilege log, and regardless of whether written or oral, such communications should be produced. With respect to documents 44091-44095 and 44097-44099, Plaintiffs seek the underlying oral and written communications between the departments. With respect to documents 44104 and 44105, Plaintiffs seek the underlying statistics upon which the typed summaries are based.

The Court will deny Plaintiff's request for underlying communications. Federal Rule of Civil Procedure 37(a) allows a party to file a motion to compel if, among other things, a party fails to make a disclosure required by Rule 26(a), fails to answer an interrogatory submitted under Rule 33 or fails to respond to a request for production under Rule 34.[27] A motion to compel is only proper if the moving party has requested the underlying information; without such a request, there can be no failure to answer or respond. Here, Plaintiffs fail to reference a discovery request to which this information would be responsive or explain why Defendant should have been required to provide the information as part of its initial disclosures.[28] As such, the request for such communications is improper and will be denied.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel Discovery Responses (doc. 215) is granted in part and denied in part. The Motion

- is granted for documents bearing bates numbers 44104 and 44105 and Defendant shall produce these two documents no later than **August 3, 2007**;

- is denied for documents bearing bates numbers 44091-44095 and 44097-44099; and

---

[27]Fed. R. Civ. P. 37 (a) (2).

[28]There is no evidence that the underlying communications Plaintiffs seek are tangible materials. Indeed, the entries on the privilege log appear to suggest that the underlying communications were verbal.

- is denied as to underlying communications for documents listed in the privilege log.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 30th day of July, 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge


cc:     All counsel and pro se parties