IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Ricky S. Johnson; Reginald T. Adams;
Terrence L. Bradshaw; and
Barbara Raines,

      Plaintiffs,

v.                                      Case No. 05-2093-JWL

Kraft Foods North America, Inc.;
Kraft Foods, Inc.; and Kraft Foods
Global, Inc.,

      Defendants.

## MEMORANDUM & ORDER

Plaintiffs filed suit against defendants (collectively, "Kraft") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging a policy or practice of racial discrimination against African-American sales employees with respect to promotion, compensation and assignments of customers, accounts and sales routes. This matter is presently before the court on defendants' motion to set aside (doc. 234) and objections to the magistrate judge's July 30, 2007 memorandum and order compelling the production of two documents identified in defendants' privilege log as attorney work product. As will be explained, the motion is denied.

I.     **Procedural History**

In December 2006, plaintiffs served their Fifth Request for Production of Documents seeking, among other things, documents concerning communications to or from Kraft's legal

department, Kraft's human resources personnel and/or certain supervisory personnel concerning "the possibility of, or strategizing to avoid, prepare for, or respond to a claim of discrimination and/or a claim of wrongful and/or retaliatory action, including but not limited to termination." In the portion of its response pertinent to its motion, Kraft produced a Second Amended Privilege Log for responsive privileged documents, including two entries reflecting two documents prepared by Kraft's in-house counsel. The "purpose" of the first document, bearing Bates-stamp number 44104, is described in the log as follows:

> Draft summary of statistics concerning African American and Caucasian employees, prepared for 4/13/2005 meeting with [various members of Kraft's legal department and Human Resources personnel].

The purpose of the second document, bearing Bates-stamp number 44105, is described in the log as follows:

> Final version of summary of statistics concerning African American and Caucasian employees, prepared for 4/13/2005 meeting with [various members of Kraft's legal department and Human Resources personnel].

Plaintiffs challenged the privilege description for these documents and requested production of the documents. Kraft declined to produce the documents, reasserting its position that the documents were protected from disclosure by the work product doctrine. Thereafter, plaintiffs moved to compel production of the documents.

Magistrate Judge Waxse granted plaintiffs' motion to compel with respect to documents 44104 and 44105 after concluding that Kraft had not met its burden of clearly establishing that the documents were prepared in anticipation of litigation. Specifically, Magistrate Judge Waxse noted the absence of information in the privilege log and Kraft's briefing to establish that the

documents (or the April 13, 2005 meeting for which the documents were prepared) concerned "litigation or anticipated litigation." Kraft objects to the magistrate judge's order, contending that it is erroneous because (1) it is clear from the face of plaintiffs' Request and the information in the log that the documents constitute work product; (2) Kraft produced the underlying facts contained in the documents; and (3) there is no evidence that the authors of the documents were acting in a non-legal capacity when they authored the documents. As will be explained, the court rejects each of these arguments.

## II.     Applicable Standard

Magistrate judges may issue orders as to non-dispositive pretrial matters and district courts review such orders under a "clearly erroneous or contrary to law" standard of review. *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to factual findings, *see* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3069, at 355 (2d ed. 1997) (and cases cited therein), and requires that the district court affirm unless it is left with the "definite and firm conviction that a mistake has been committed." *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). By contrast, the "contrary to law" standard permits "plenary review as to matters of law." *See* Wright, Miller & Marcus, *supra*, § 3069, at 355; *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3rd Cir. 1992); *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp .2d

3

980, 983 (S.D. Cal. 1999) ("contrary to law" standard permits independent review of purely legal determinations by a magistrate judge); *Weekoty v. United States*, 30 F. Supp. 2d 1343, 1344 (D.N.M. 1998) (when reviewing legal determinations made by magistrate judge, standard of review is de novo).

### III.   Discussion

In its motion to review, Kraft first contends that the magistrate judge's February 1, 2006 order is erroneous because it is clear from the face of plaintiffs' Request and the information in the log that the documents constitute work product. According to Kraft, plaintiffs requested documents concerning "the possibility of, or strategizing to avoid, prepare for, or respond to a claim of discrimination and/or a claim of wrongful and/or retaliatory action, including but not limited to termination" and Kraft's action in logging documents 44104 and 44105 necessarily means that those documents are responsive to the requests–that is, that the documents concern "the possibility of, or strategizing to avoid, prepare for, or respond to a claim of discrimination and/or a claim of wrongful and /or retaliatory action, including but not limited to termination." But even assuming that the language of plaintiffs' request coupled with Kraft's log establishes that the summaries reflected in documents 44104 and 44105 concern a claim of discrimination or retaliation, Kraft still has not shown that those documents were prepared in anticipation of litigation or in connection with pending litigation. It may be, for example, that the claim of discrimination to which the summaries purportedly relate never amounted to anything beyond an informal, internal complaint such that the threat of litigation was not imminent or even a

4

possibility. Kraft, then, has not established the applicability of the work product doctrine with respect to documents 44104 and 44105.

Kraft next asserts that Kraft has produced the underlying facts contained in the summaries such that there is "no justifiable reason for Plaintiffs to pierce the attorney work product doctrine." This argument fails, however, because it presupposes that the summaries are protected from disclosure by the work product doctrine–an assumption contrary to the record in this case as Kraft has not met its burden of establishing that the documents are protected from disclosure in the first instance. *See* Fed. R. Civ. P. 26(b)(3) (documents otherwise protected from disclosure by virtue of work product doctrine may be discoverable upon showing of substantial need and undue hardship).

Finally, Kraft's argument concerning the absence of evidence that the authors of the documents were acting in any capacity other than as legal advisors when they authored the documents is misplaced. Indeed, the magistrate judge did not conclude or otherwise suggest that the authors were not acting in a legal capacity at the time they authored the documents. Rather, he rejected Kraft's claim concerning the application of the work product doctrine because Kraft had not established that the statistical summaries were prepared for pending litigation or in anticipation of litigation. The mere fact that the summaries were prepared by lawyers acting in a legal capacity does not render the documents protected by the work product doctrine. As explained by the magistrate judge, Kraft is required to establish that the summaries were prepared by the lawyers in connection with pending litigation or in anticipation of litigation. *See Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 668 (10th

Cir. 2006) ("[W]ork product protection only applies to attorneys' or legal representatives' mental impressions, conclusions, opinions, or legal theories authored in anticipation of litigation."). Kraft simply has not done so.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to set aside (doc. 234) and objections to the magistrate judge's July 30, 2007 memorandum and order is denied.

**IT IS SO ORDERED.**

Dated this 27th day of September, 2007, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] In support of its argument, Kraft directs the court to its own comments from a March 2005 hearing in another case, *Williams v. Sprint/United Management Company*, in which the court stated: "[I]f all there is are documents–no matter how helpful or interesting they would be if I were the plaintiff in this case–that were generated in response to defendant's lawyers saying, We would like to look at this so that we can give you some advice about what you ought to do in connection with that RIF, that's just not something the plaintiffs are going to be able to get to." While Kraft maintains that the "same concept" applies in this case, the court's comments in *Williams* concerned the application of the attorney-client privilege rather than the work product doctrine. Kraft has not asserted the attorney-client privilege with respect to the summaries and the *Williams* case, therefore, is not persuasive.

6